[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11343

_____

D.C. Docket No. 2:11-cr-00292-JHH-TMP-1

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

versus

DERRICK DAJUAN HALL,

 Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2013)

Before WILSON and COX, Circuit Judges, and VOORHEES,[*] District Judge.

---

[*] Honorable Richard L. Voorhees, United States District Judge for the Western District of North Carolina, sitting by designation.

WILSON, Circuit Judge:

Derrick Dajuan Hall appeals his 37-month sentence after pleading guilty to being a felon in possession of a handgun, in violation of 18 U.S.C. § 922(g)(1). The district court enhanced Hall's sentence under U.S.S.G. § 2K2.1(a)(4)(A) after determining that a prior 2006 felony conviction for possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d), qualified as a "crime of violence" under the Sentencing Guidelines. Following a three-level reduction for Hall's acceptance of responsibility, the district court sentenced him to 37 months of imprisonment, at the top of the 30 to 37 month Guideline range. On appeal, we decide whether Hall's sentence was properly enhanced by the prior conviction.

## I.

The Sentencing Guidelines ascribe an enhanced Base Offense Level of 20 to a defendant who "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). "We review de novo whether a defendant's prior conviction qualifies as a 'crime of violence' under the Guidelines." *United States v. Cortes-Salazar*, 682 F.3d 953, 954 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 995 (2013). "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 288 (2012).

Section 4B1.2(a) of the Sentencing Guidelines defines a "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The commentary to § 4B1.2 explicitly states that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'"  U.S.S.G. § 4B1.2 cmt. n.1.  The Sentencing Commission specifically amended the commentary to include this language in 2004, in an effort to give effect to the congressional determination that the "firearms described in 26 U.S.C. § 5845(a) are inherently dangerous and when possessed unlawfully, serve only violent purposes."  U.S.S.G. App. C, Amend. 674.

We have also elaborated generally on the "crime of violence" definition in our recent precedent:

> As we explained in . . . *Chitwood*, . . . "under § 4B1.2 of the [G]uidelines, any state or federal offense that is punishable by more than one year of imprisonment can be a crime of violence if it fits within one of three categories."  The first category of crimes, sometimes referred to as "elements clause" crimes, has "as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).  The second category

3

includes the enumerated crimes of "burglary of a dwelling, arson, or extortion," and those involving the "use of explosives." *Id.* § 4B1.2(a)(2). The third category, sometimes referred to as "residual clause" crimes, includes those crimes that "otherwise involve conduct that presents a serious potential risk of physical injury to another." *Id.*

*Rozier v. United States*, 701 F.3d 681, 682 n.1 (11th Cir. 2012) (alterations omitted). In addition, when determining whether an offense is a crime of violence, "we also rely on cases interpreting the residual clause of the Armed Career Criminal Act [ACCA], 18 U.S.C. § 924(e), because the § 4B1.2 definition of 'crime of violence' and ACCA's definition of 'violent felony' are substantially the same." *Chitwood*, 676 F.3d at 975 n.2[1]; *see Turner v. Warden Coleman FCI*, 11th Cir. 2013, __ F.3d __ n.4, (No. 10-12094, Feb. 22, 2013) ("The definition of 'violent felony' under the ACCA is virtually identical to the definition of 'crime of violence' for purposes of the career offender enhancement of § 4B1.1 of the United States Sentencing Guidelines (USSG), so that decisions about one apply to the other." (internal quotation marks omitted)); *Rozier*, 701 F.3d at 682 n.3 (quoting *Chitwood*, 676 F.3d at 975 n.2); *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc) ("Some of the listed decisions concern the definition of 'violent felony' in the ACCA, but we have held that term is 'virtually identical' to

---

[1] The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "The only difference in the second clause is that the ACCA includes 'burglary,' . . . and the Guidelines use 'burglary of a dwelling.'" *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).

4

'crime of violence' in § 4B1.1, so that decisions about one apply to the other.");

*United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).  However, the

Supreme Court has made clear that "commentary in the [Sentencing] Guidelines

Manual that interprets or explains a guideline is authoritative unless it violates the

Constitution or a federal statute, or is inconsistent with, or a plainly erroneous

reading of, that guideline."  *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct.

1913, 1915 (1993) (reversing the Eleventh Circuit's previous holding that such

commentary was not binding on federal courts); *see United States v. Beckles*, 565

F.3d 832, 842 n.1 (11th Cir. 2009).

When, as here, we are asked to decide whether an offense qualifies as a

"crime of violence" under the residual clause, we traditionally employ the three-

step categorical approach established in *Taylor v. United States*, 495 U.S. 575, 602,

110 S. Ct. 2143, 2160 (1990), and further developed in *Begay v. United States*, 553

U.S. 137, 141–44, 128 S. Ct. 1581, 1584–86 (2008).[2]  First, "we consider the

offense generically, that is to say, we examine it in terms of how the law defines

the offense and not in terms of how an individual offender might have committed it

on a particular occasion."  *Begay*, 553 U.S. at 141, 128 S. Ct. at 1584.  Second, we

determine whether the generic offense "involves conduct that presents a serious

---

[2] Although the Supreme Court decided *Begay* in the context of the ACCA, the same categorical approach applies in the Sentencing Guidelines context.  *See Archer*, 531 F.3d at 1350 n.1.

potential risk of physical injury to another." *Id.*, 128 S. Ct. at 1584 (internal quotation marks omitted). Finally, if the offense does present such a risk, we classify it as a crime of violence only if it is "roughly similar, in kind as well as in degree of risk posed," to the residual clause's enumerated example crimes: burglary of a dwelling, arson, extortion, and the unlawful use of explosives. *Id.* at 143, 128 S. Ct. at 1585.

## II.

Invoking *Begay*, Hall argues that his 2006 conviction for possession of an unregistered sawed-off shotgun does not qualify as a "crime of violence" because his conviction is not "roughly similar in kind" to the offenses enumerated in the residual clause of § 4B1.2(a)(2). Hall relies on our cases analyzing the term "violent felony" under the ACCA, and contends that the analysis for the term "crime of violence" is exactly the same because the two definitions are virtually identical. Hall specifically looks to our holding in *United States v. McGill*, 618 F.3d 1273 (11th Cir. 2010) (per curiam), in which we determined that under the ACCA, a prior conviction for mere possession—rather than use—of a sawed-off shotgun "is not 'similar in kind' to [the] 'use of explosives,' its closest enumerated analog, or to the other crimes listed in the ACCA's residual clause," and therefore does not qualify as a violent felony. *Id.* at 1277. Hall further maintains that the Guidelines commentary does not merit substantial deference because, in light of

6

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory. [3]

The government counters that the Guidelines commentary—explicitly listing possession of an unregistered sawed-off shotgun as a "crime of violence"—is binding on us.  The government argues that the cases analyzing "violent felony" under the ACCA are not controlling here because the text of the ACCA is silent on whether an unregistered sawed-off shotgun is a "violent felony," unlike the commentary to § 4B1.2, which affirmatively lists possession of a sawed-off shotgun as a "crime of violence."

We hold that *Stinson* controls, and that the definition of "crime of violence" provided by the Guidelines commentary is authoritative.  Although we would traditionally apply the categorical approach to determine whether an offense qualifies as a "crime of violence," we are bound by the explicit statement in the commentary that "[u]nlawfully possessing a firearm described in 26 U.S.C. §

---

[3] Hall also argues that under *Begay*'s "purposeful, violent, and aggressive" analysis, *see* 553 U.S. at 144–48, 128 S. Ct. at 1586–88, his "strict liability" conviction for mere possession of a sawed-off shotgun does not meet the definition of a "crime of violence."  However, "*Begay*'s 'purposeful, violent, and aggressive' analysis does not apply to offenses that are not strict liability, negligence, or recklessness crimes," *Chitwood*, 676 F.3d at 979, and § 5861(d) offenses are not strict liability crimes because the government must prove the *mens rea* of knowledge. *See United States v. Brantley*, 68 F.3d 1283, 1289 (1995) (citing *Staples v. United States*, 511 U.S. 600, 114 S. Ct. 1793 (1994)) ("[I]n a prosecution for possession of an unregistered . . . firearm under 26 U.S.C. § 5861(d), the government must prove beyond a reasonable doubt that the defendant knew that the firearm possessed characteristics bringing it within the scope of the statute.").  Therefore, *Begay*'s "purposeful, violent, and aggressive" analysis does not control here, and instead we only consider whether the prior conviction poses a serious potential risk of physical injury that is similar to the risk posed by one of the enumerated offenses. *See Begay*, 553 U.S. at 143, 128 S. Ct. at 1585.

7

5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'"  U.S.S.G. § 4B1.2 cmt. n.1.  Hall does not satisfy either of *Stinson*'s stringent exception requirements, as the commentary provision violates neither the Constitution nor any other federal statute, and it is not inconsistent with, or a plainly erroneous reading of, the guideline text itself. Moreover, because "the commentary to § [4B1.2] defines 'crime of violence' very differently than the ACCA does, . . . we cannot say that the definition of 'crime of violence' provided in the commentary to § [4B1.2] is a plainly erroneous reading of the guideline." *Cortes-Salazar*, 682 F.3d at 957.

We hold that possession of an unregistered sawed-off shotgun qualifies as a "crime of violence" under the Sentencing Guidelines, and we affirm Hall's sentence.

**AFFIRMED.**