[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11395
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00441-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY EUGENE KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 3, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Kelly appeals his 240-month sentence, imposed below the advisory guideline range, after pleading guilty to one count of being a felon in possession of a destructive device (pipe bomb), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Kelly argues that the district court incorrectly sentenced him as a career offender because his conviction was not a crime of violence. Specifically, he argues that (1) mere possession of a pipe bomb is not a crime of violence under the Sentencing Guidelines, and (2) the government did not sufficiently prove that the pipe bomb in this case was a "destructive device." After careful review, we affirm.

## I.

We review *de novo* whether a conviction qualifies as "crime of violence" under the Sentencing Guidelines. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013). Where a defendant raises a sentencing error for the first time on appeal, we review for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). "To demonstrate plain error, [the defendant] has the burden of establishing that (1) there is an error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009) (internal quotation marks and brackets omitted).

"The burden of proof for establishing that a sentence enhancement is warranted lies with the prosecution and it is the duty of the district court to insure that the prosecution carries its burden of proof." *United States v. Hernandez*, 145 F.3d 1433, 1440 (11th Cir. 1998). The district court may base factual findings for purposes of sentencing on undisputed statements in the presentence investigation report ("PSI"). *Beckles*, 565 F.3d at 843. The facts in a PSI are undisputed and deemed admitted unless a party objects to them before the sentencing court "with specificity and clarity." *Id.* at 844 (internal quotation marks omitted). A failure to object admits facts in the PSI for sentencing purposes and " 'precludes the argument that there was error in them.'" *Id.* (citation omitted). Additionally, " '[a] plea of guilty knowingly and understandingly made is an admission of all facts alleged in the indictment.'" *United States v. Covington*, 565 F.3d 1336, 1345 (11th Cir. 2009) (citation omitted).

The career offender guideline provides that

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). "Crime of violence" is then defined as

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a). The commentary to § 4B1.2 explains that "crime of violence" does not include the offense of unlawful possession of a firearm by a felon, except that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" *Id.* § 4B1.2, comment. (n.1).

The Supreme Court has made clear that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993). Accordingly, where there is an "explicit statement" in the guideline commentary, absent one of the limited exceptions discussed in *Stinson*, we are bound by that statement. *See Hall*, 714 F.3d at 1274. We have determined that the § 4B1.2 commentary note discussed above does not violate the Constitution or a federal statute, and is not inconsistent with, or a plainly erroneous reading of, the guideline text. *Id.*

Section 922(g)(1) of Title 18 of the U.S. Code makes it a crime for a felon to possess a firearm. 18 U.S.C. § 922(g)(1) (2006). Included within the definition of

4

firearm is "any destructive device." *Id.* § 921(a)(3).  The definition of "destructive device" includes "any explosive, incendiary, or poison gas . . . bomb . . . not includ[ing] any device which is neither designed nor redesigned for use as a weapon." *Id.* § 921(a)(4).  Section 5845(a) of Title 26 defines, among other terms, "firearm" for purposes of the registration requirements of the Internal Revenue Code.  26 U.S.C. § 5845(a) (2006).  The definition of "firearm" in 26 U.S.C. § 5845(a) includes "a destructive device," which is defined under 26 U.S.C. § 5845(f) identically to the definition of "destructive device" in 18 U.S.C. § 921(a)(4).  *Compare* 18 U.S.C. § 921(a)(3)-(4), *with* 26 U.S.C. § 5845(a), (f) (2006).

In *United States v. Hammond*, we explained that for an explosive device to qualify as a "destructive device" under 26 U.S.C. § 5845(a), it must not only explode, but also be designed as a weapon.  371 F.3d 776, 780 (11th Cir. 2004). This "plus" factor requires the government to offer some proof beyond the fact that the device would explode and cause some damage.  *See id.*  No particular design is required to qualify a device as a weapon.  *Id.* at 781.  "[T]he critical inquiry is whether the device, as designed, has any value other than as a weapon."  *Id.* "[P]ipe bombs are not typically possessed by law-abiding citizens for lawful purposes."  *United States v. Tagg*, 572 F.3d 1320, 1326 (11th Cir. 2009).

## II.

5

We review Kelly's first argument, that mere possession of a pipe bomb is not a crime of violence under U.S.S.G. § 4B1.2(a), under a *de novo* standard of review. The district court did not err in rejecting this argument. Although mere possession of a standard firearm by a felon is not a crime of violence, the Sentencing Guidelines commentary explicitly states that unlawful possession of a firearm identified in 26 U.S.C. § 5845(a) does qualify as a crime of violence. *See* U.S.S.G. § 4B1.2, comment. (n.1). Because Kelly pled guilty under § 922(g)(1) to unlawful possession of a "destructive device (pipe bomb)," and because a "destructive device" is a firearm identified in 26 U.S.C. § 5845(a), Kelly's mere-possession offense is a crime of violence. *See Hall*, 714 F.3d at 1274. Thus, the district court did not err in concluding that Kelly's conviction for possession of a pipe bomb was a crime of violence.

As to Kelly's second argument, that the pipe bomb in this case cannot be classified as a destructive device because the government did not sufficiently prove that the pipe bomb was designed as a weapon, Kelly did not make this argument to the district court. Thus, we review for plain error. Kelly has not shown error, let alone plain error, for two reasons.

First, Kelly's indictment alleged that he knowingly possessed "a destructive device constituting a pipe bomb" and this was a violation of 18 U.S.C. § 922(g)(1). Because the definition of "firearm" in 26 U.S.C. § 5845(a) includes "a destructive

6

device" and the definition of "destructive device" under 26 U.S.C. § 5845(f) is identical to the definition of "destructive device" in 18 U.S.C. § 921(a)(4), Kelly necessarily admitted that his pipe bomb was a destructive device when he pled guilty to a violation of 18 U.S.C. § 922(g)(1) as alleged in his specific indictment. *See Covington*, 565 F.3d at 1345. Therefore, Kelly cannot now claim that his pipe bomb was not a destructive device under § 5845(a) because it was not designed as a weapon.

Second, even if Kelly did not admit that his pipe bomb was designed as a weapon when he pled guilty, his argument fails. The district court was entitled to rely on Kelly's plea colloquy and the undisputed statements in the PSI in determining whether the factual basis for a career offender enhancement was satisfied. *See Beckles*, 565 F.3d at 842-44. Here, the factual basis offered by the government at the plea hearing explained that the pipe bomb discovered was made out of a Maglite flashlight, and that ATF had examined the pipe bomb, certified that it was a weapon designed to expel a projectile by the action of an explosive, and confirmed that it met the definition of firearm within the statute. Additionally, the PSI stated that ATF had determined that the pipe bomb met the statutory definition of a firearm, and Kelly did not object to this statement. Accordingly, the district court did not err in finding that the pipe bomb was a destructive device.

III.

7

For the reasons stated above, we hold that Kelly's conviction for felon in possession of a destructive device (pipe bomb) qualifies as a crime of violence under the Sentencing Guidelines, and we affirm Kelly's sentence.

**AFFIRMED.**