[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16592
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00154-GKS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD B. HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward B. Hall appeals his convictions and total 92-month sentence for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, Hall argues that (1) § 922(g) is unconstitutional under the Commerce Clause, both facially and as applied to him, and (2) the district court erred in concluding that Hall's prior conviction for escape during transport, in violation of Fla. Stat. § 944.40, constituted a "crime of violence" under U.S.S.G. §§ 2K2.1 and 4B1.2.

## I.

We generally review the constitutionality of a statute *de novo*.  *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir.), *cert. denied*, 132 S.Ct. 356 (2011).  However, where a defendant fails to challenge the constitutionality of a statute in the trial court, we will only review its constitutionality for plain error.  *United States v. Smith*, 459 F.3d 1276, 1282-83 (11th Cir. 2006).  Under plain error review, we will only reverse where there was (1) error, (2) that is plain, and (3) that affects substantial rights, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*. at 1283.  A defendant's unconditional guilty plea waives any challenge to whether the evidence established a sufficient connection with interstate commerce.  *See United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010).

2

We may disregard the holding of a prior panel of the Court only where it has been overruled by this Court sitting *en banc* or the Supreme Court. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). We have previously held that § 922(g) is constitutional because it requires proof that the firearm that is the subject of the conviction has a nexus to interstate commerce. *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001). Even a "minimal nexus" is sufficient to satisfy the Commerce Clause. *Jordan*, 635 F.3d at 1189. We have held that proof that a firearm travelled interstate, even where the defendant only possessed it intrastate, satisfied the required "minimal nexus." *Id*.

Hall's argument that § 922(g) is unconstitutional because it does not require a sufficient interstate nexus to satisfy the Commerce Clause is foreclosed by our precedent. *See Kaley*, 579 F.3d at 1255; *Scott*, 263 F.3d at 1274. To the extent that Hall raises an "as applied" constitutional challenge—that his conviction does not contain a sufficient interstate nexus as an evidentiary matter to pass constitutional muster—his guilty plea waived that argument. *See Ternus*, 598 F.3d at 1254.

## II.

We review *de novo* the district court's interpretation and application of the Sentencing Guidelines. *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013).

Specifically, we review *de novo* whether a prior conviction constitutes a "crime of violence" for purposes of calculating a base offense level under § 2K2.1. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013).

In sentencing, the district court may consider any evidence heard during trial or admitted to by a guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing hearing. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). Further, a fact that is admitted during a guilty plea cannot be contested when it appears in the PSI. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).

The guideline range for convictions under 18 U.S.C. § 922(g) is calculated pursuant to U.S.S.G. § 2K2.1. U.S.S.G., App. A. Under § 2K2.1, a base offense level of 26 applies where (1) the offense involved a semiautomatic firearm that is capable of accepting a large capacity firearm, and (2) the defendant committed the offense after having been convicted of two felony crimes of violence or controlled substance offenses. U.S.S.G. § 2K2.1(a)(1). The associated commentary instructs that "crime of violence" means the same in this provision as it does in § 4B1.2(a) and the associated commentary. *Id*. § 2K2.1, comment. (n.1). Under the Guidelines, a prior conviction can be a "crime of violence" in one of three ways. *Id*. § 4B1.2(a). Under the "elements clause," an offense is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force

4

against the person of another . . . ." *Id.* § 4B1.2(a)(1). Second, the offense could also be one of the enumerated offenses of "burglary of a dwelling, arson, or extortion" or an offense that "involves the use of explosives . . . ." *Id.* § 4B1.2(a)(2). Last, under the "residual clause," an offense can be a "crime of violence" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

The ACCA's definition of "violent felony" is virtually identical to § 4B1.2's definition of "crime of violence." *Compare* 18 U.S.C. § 924(e)(2)(B), *with* U.S.S.G. § 4B1.2. Accordingly, we have reasoned that decisions regarding what constitutes a "violent felony" under the ACCA apply to a determination of whether an offense constitutes a "crime of violence" under the Guidelines. *See United States v. Chitwood*, 676 F.3d 971, 975 n.2 (11th Cir.), *cert. denied*, 133 S.Ct. 288 (2012).

Under Florida law, any prisoner who escapes from a place of confinement, or while being transported to or from a place of confinement, is guilty of a felony. Fla.Stat. § 944.40. We have recognized that § 944.40 can be violated in at least four ways: (1) escape from jail; (2) escape from custody while being transported to or from jail; (3) escape from a road camp; and (4) escape from custody while working upon the public roads. *United States v. Proch*, 637 F.3d 1262, 1267 (11th Cir. 2011). In *Proch*, the defendant was guilty of either the first or second

5

category of escape. *Id*. at 1267-68. We held that escape under either category constituted a "violent felony" under the ACCA's residual clause. *Id*. at 1268-69. We reasoned, "Escapes from custody, like burglary, will almost always involve the police attempting to apprehend the escapee and are likely to cause an eruption of violence." *Id*. at 1269 (quotation omitted). We also stated that escape from custody is "purposeful, violent and aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police." *Id*.

Here, Hall's guilty plea included an admission that he had previously been convicted of "escape during transport" under Florida law. To the extent that Hall may not have expressly admitted that fact in his plea colloquy, the PSI also reflected that he was convicted of escape during transport, and Hall did not object to that characterization. The fact that Hall was convicted of escape during transport was, therefore, admitted for sentencing purposes. *See Wilson*, 884 F.2d at 1356.

Our holding in *Proch* is controlling here. *See Proch*, 637 F.3d at 1268-69. While *Proch* involved the ACCA, we have previously recognized that the ACCA definition of "violent felony" and the Guidelines definition of "crime of violence" are virtually identical. *See Chitwood*, 676 F.3d at 975 n.2. Hall argues that *Proch*'s holding does not apply here because Hall was not an armed career

6

criminal and posed a lower risk of violence in an escape.  That argument is unpersuasive.  Our rationale in *Proch* for holding that escape during transport constituted a violent felony had nothing to do with the defendant's status as an armed career criminal or his individual likelihood of violence.  Rather, we focused on the risk that an escape would prompt a violent response from police.  *See Proch*, 637 F.3d at 1269.  Therefore, there is no apparent reason not to apply *Proch*'s ACCA holding here to the guidelines definition of "crime of violence."  Further, Hall's argument that the residual clause is unconstitutionally vague is foreclosed by binding precedent.  *See Chitwood*, 676 F.3d at 978 n.3 (recognizing that the Supreme Court has rejected a challenge to the ACCA's residual clause, and noting that the rejection appeared to foreclose a conclusion by a lower court that the guidelines residual clause was unconstitutionally vague).  Accordingly, we affirm Hall's convictions and sentences.

 **AFFIRMED.**