[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11127
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cr-80198-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS KEITH BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2015)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Marcus Keith Brown appeals his 51-month sentence, imposed below the applicable advisory guideline range, after he pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Brown argues that the district court erred in finding that his prior conviction of burglary of a dwelling under Florida law was a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a) because the clause is unconstitutionally vague.  Because this court has held that the vagueness doctrine is not applicable to advisory guidelines and thus the residual clause of § 4B1.2(a) is not unconstitutionally vague, we affirm the district court.

"We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the Guidelines." *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013) (internal quotation marks omitted).  A defendant qualifies for an enhanced base offense level of 20 if he committed the offense for which he is being sentenced after receiving one prior conviction for a crime of violence or a controlled substance offense.  U.S.S.G. § 2K2.1(a)(4)(A).  Section 4B1.2, the definition section of the career offender guideline, provides that the term "crime of violence" is an offense under federal or state law that is punishable by imprisonment for a term exceeding one year, that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or*

2

*otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a) (emphasis added). The emphasized language is known as the residual clause. *See United States v. Lockley*, 632 F.3d 1238, 1241 (11th Cir. 2011).

The Supreme Court has held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *See Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 2557 (2015). However, this court recently held that, although the residual clause in § 4B1.2 is virtually identical to the one in the ACCA, the vagueness doctrine "does not apply to advisory guidelines." *See United States v. Matchett*, 802 F.3d 1185, 1189, 1193–95 (11th Cir. 2015).[1] Thus, our holding in *Matchett* squarely forecloses Brown's argument that the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague.[2] *See id.* at 1193; *see also United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (noting that, under the prior panel precedent rule, we are bound to follow our binding precedent unless it is overruled by the court sitting en banc or by the Supreme Court). Accordingly, upon review of the relevant case law, the record, and the parties' arguments, we affirm.

---

[1] In *Matchett*, we also noted that Florida burglary of an unoccupied dwelling, while not a crime of violence under the enumerated offenses clause of § 4B1.2, nevertheless qualifies under the residual clause. *See* 802 F.3d at 1196–97.

[2] Given that *Matchett* forecloses Brown's sole argument on appeal, it is unnecessary to address the government's alternative argument that Florida's burglary of a dwelling statute is divisible and Brown's conviction qualifies as a crime of violence under the elements clause of § 4B1.2(a) using the modified categorical approach.

3

**AFFIRMED**