[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13096
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60014-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant

versus

SEAN GHANY,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2016)

Before WILSON, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Sean Ghany pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  At sentencing, the district court determined that Defendant's prior conviction for burglary of an unoccupied dwelling, in violation of Fla. Stat. § 810.02(3)(b), was not a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2).  The Government appeals that determination and argues that the district court erred in determining that Defendant's prior burglary conviction did not qualify as a crime of violence for career offender purposes.  After careful review, we vacate and remand for resentencing.

## I.  BACKGROUND

In November 2013, Defendant entered a BB&T bank in Tamarac, Florida, and handed the bank teller a note that stated, "This is a robbery! I have a gun! Give me all your 100's, 50's and 20's or I will shoot!"  The bank teller handed Defendant $2,410 in cash and Defendant fled from the scene.  An investigation later revealed that Defendant rented a vehicle matching the description of the one implicated in the robbery, and records showed that the rental car was on the Florida Turnpike near the bank just minutes following the robbery.  Witnesses to the robbery also picked Defendant out of a photographic lineup.

A federal grand jury subsequently issued an indictment, charging Defendant with bank robbery, in violation of 18 U.S.C. § 2113(a).  Defendant initially pled not guilty, but later changed his plea to guilty.

2

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"). The PSR assigned a base offense level of 20, pursuant to U.S.S.G. § 2B3.1(a). Pursuant to §§ 2B3.1(b)(1) and (b)(2)(F), Defendant received two separate, two-level enhancements because property from a financial institution was taken and a death threat was made. The PSR indicated that Defendant was a career offender under U.S.S.G. § 4B1.1(a) because he had two prior felony convictions for crimes of violence. Specifically, Defendant had prior Florida convictions for burglary of a dwelling, burglary of a structure, and aggravated battery of a law enforcement officer. Based on a total offense level of 29 and a criminal history category of VI,[1] the PSR calculated a guidelines range of 151 to 188 months' imprisonment.

Defendant filed written objections to the PSR. In particular, he objected to his classification as a career offender. He argued that burglary of an unoccupied dwelling and burglary of a structure were not enumerated crimes of violence for career offender purposes. Because the Florida burglary statute was indivisible and overbroad, as it included the curtilage of a dwelling, a conviction under the statute could not be deemed a crime of violence pursuant to § 4B1.2.

---

[1] Defendant received 11 criminal history points, which corresponds to a criminal history category of V, but the PSR assigned a criminal history category of VI due to his career offender designation.

At the sentencing hearing, Defendant reiterated his objections to the classification of his prior burglary convictions as crimes of violence. The Government asserted that Defendant's burglary convictions were crimes of violence under the residual clause of § 4B1.2(a)(2), regardless of whether the building was occupied or unoccupied. The district court sustained Defendant's objection to the career offender enhancement, concluding that Defendant's Florida burglary convictions did not meet the definition of a crime of violence because the least culpable act under the statute was burglary of the curtilage, which did not carry a potential risk of violence.[2] Without the application of the career offender provision, the district court calculated Defendant's guideline range as 70 to 87 months based on a total offense level of 21 and a criminal history category of V. The district court then sentenced Defendant to 70 months' imprisonment.

## II.  DISCUSSION

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013).

A defendant qualifies as a career offender if: (1) he was at least 18 years old when he committed the present offense; (2) the present offense is either a felony crime of violence or felony controlled substance offense; and (3) he has at least

---

[2] The Government expressly declines to challenge on appeal the district court's determination that Defendant's prior Florida conviction for burglary of a structure was not a crime of violence.

4

two prior felony convictions for a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  Under the Sentencing Guidelines, a crime of violence is a federal or state conviction punishable by one year or more that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.* 4B1.2(a).  The portion of this definition relevant to present appeal is the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," which is commonly referred to as the residual clause.  *Hall*, 714 F.3d at 1271–72.

In *Johnson v. United States*, the Supreme Court held that the residual clause in the Armed Career Criminal Act's ("ACCA") definition of violent felony was unconstitutionally vague.  135 S. Ct. 2551, 2557 (2015).  The residual clause within the definitions of "violent felony" under the ACCA and "crime of violence" under the Sentencing Guidelines are essentially identical.  *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).

Following the Supreme Court's decision in *Johnson*, we considered whether a conviction for burglary of an unoccupied dwelling under Fla. Stat. § 810.02(3)(b) qualifies as a crime of violence under the Sentencing Guidelines.  *United States v.*

5

*Matchett*, 802 F.3d 1185, 1196–97 (11th Cir. 2015).[3]  Although the residual clause under the career offender provision is nearly identical to the residual clause of the ACCA, we concluded that the vagueness doctrine does not apply to the Sentencing Guidelines.  *Id.* at 1193–96.  We reasoned that, unlike the ACCA, the Guidelines are advisory and do not define elements of a crime or fix punishments.  *Id.* at 1194–95.  We further held that burglary of an unoccupied dwelling under Fla. Stat. § 810.02(3)(b) involved a serious potential risk of physical injury to another, and thus it was a crime of violence under the residual clause of § 4B1.2(a)(2)  *Id.* at 1196–97.

In light of our decision in *Matchett*, the district court erred by concluding that Defendant's Florida conviction for burglary of an unoccupied dwelling was not a crime of violence.  *See id.*  Accordingly, Defendant's sentence is **VACATED** and the case is **REMANDED** to the district court for proceedings consistent with this opinion.

---

[3]  We stayed this appeal *sua sponte* pending our decision in *Matchett*.