[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17349
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20109-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE HERNANDEZ,
a.k.a. Trolo,
a.k.a. Cuba,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Hernandez appeals his conviction and sentence for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B)(viii).  Hernandez pleaded guilty to the 21 U.S.C. § 841(a) charge and was sentenced to 210 months in prison—25 months below the low end of the guideline range—and a lifetime term of supervised release.  On appeal, Hernandez argues that the district court committed plain error by improperly advising him as to his possible term of supervised release at the plea colloquy.  He argues that this error affected his substantial rights.  Hernandez also argues that the district court plainly erred in concluding that the plea agreement had a sufficient factual basis, plainly erred by imposing a lifetime term of supervised release, and plainly erred in determining that he qualified as a career offender under U.S.S.G. § 4B1.1(a).  Upon thorough review of the briefs and the record, we affirm.

## I.  Statement Regarding Maximum Term of Supervised Release

We review for plain error when a defendant does not object to a Fed. R. Crim. P. 11 colloquy error in the district court.  *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009).  To establish plain error, a defendant must show that there is an error, that it was plain, and that it affected his substantial rights. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam).  When a defendant asserts that the district court committed plain error under Rule 11 and

seeks reversal of his conviction after pleading guilty, the defendant must "show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 1020. Even then, the error must "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010). The burden is on the defendant to show that there was an error and that it did affect his substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Statements made under oath by a defendant during a colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In evaluating whether a Rule 11 error has substantially affected a defendant's rights, we examine Rule 11's three "core principles," which ensure that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the direct consequences of the guilty plea. *Moriarty*, 429 F.3d at 1019. We will consider the whole record when assessing whether a Rule 11 error affects a defendant's substantial rights. *Brown*, 586 F.3d at 1345. Misadvising as to the maximum term of supervised release for a guilty plea can go to the knowing and voluntary nature of that plea. *See Moriarty*, 429 F.3d at 1019; *see also* Fed. R. Crim. P. 1(b)(1)(H).

Here, the district court erred when it advised Hernandez at his plea colloquy that he faced a maximum term of supervised release of five years. However,

Hernandez has not shown that the error affected his substantial rights. Hernandez's plea agreement clearly indicated that Hernandez faced a *minimum* term of 5 years' supervised release.[1] At the plea colloquy, the district court ensured that Hernandez understood "the consequences of [his] guilty plea, the sentencing guidelines and everything about this case."  Hernandez confirmed his signature on the plea agreement and stated that his attorney had been "absolutely clear . . . and very professional explaining everything."  Furthermore, the PSI correctly advised Hernandez as to the mandatory minimum term of supervised release; Hernandez acknowledged that he had read the PSI and did not have any objections to it; and Hernandez did not object to the court's imposition of a lifetime term of supervised release.  Hernandez has not shown that but for the district court's misstatement of the possible term of supervised release, he would not have pleaded guilty.  *See Brown*, 586 F.3d at 1346–47 (holding that defendant's substantial rights were not violated where both the district court and the plea agreement misadvised the defendant as to the maximum term of supervised release, but where the PSI stated the correct term and the defendant did not object to the PSI or the sentence).

---

[1] This itself was an error, as the mandatory minimum was only 4 years.  However, if anything, this error only further highlighted that Hernandez was agreeing to a significant mandatory minimum of supervised release.

4

## II.  Factual Basis for the Plea Agreement

In reviewing whether the plea agreement has a sufficient factual basis, we determine "whether the [district] court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1287 (11th Cir. 2015) (quotation omitted and alteration in original).  When the defendant fails to object to violations of Rule 11 at the district court level, we review the issue under the plain-error standard.  *Id.* at 1285–87.

The district court did not plainly err in concluding that the factual basis for the plea agreement was sufficient for finding Hernandez guilty of possession with intent to distribute 50 grams or more of methamphetamine.  *See* 21 U.S.C. §§ 841(a), 841(b)(1)(B)(viii).  The factual proffer, which Hernandez signed and agreed to at the plea colloquy, detailed how Hernandez conspired with codefendants to transport methamphetamine from California to South Florida and to process it into crystal methamphetamine, and how the DEA seized five pounds of crystal methamphetamine which Hernandez had intended to sell.  The district court did not plainly err in determining that these facts, which covered the elements of 21 U.S.C. § 841(a) and § 841(b)(1)(B)(viii), were sufficient to support Hernandez's guilty plea.

### III.  Lifetime Term of Supervised Release

Next, Hernandez argues that his sentence of lifetime supervised release was procedurally and substantively unreasonable.  Specifically, he contends that the district court failed to set forth its reasons for its sentence and made no case-specific findings to warrant a lifetime term of supervised release.  Because Hernandez failed to state a clear objection to the procedural and substantive reasonableness of his sentence in the district court, we review for plain error.[2] *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).

In imposing a term of supervised release, the sentencing court must consider certain factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3583(c). Section 841(b)(1)(B)(viii) provides that, notwithstanding 18 U.S.C. § 3583, the general scheme for inclusion of a term of supervised release, "any sentence imposed under this subparagraph shall . . . include a term of supervised release of at least 4 years in addition to" the term of imprisonment.

The district court did not plainly err in sentencing Hernandez to a lifetime term of supervised release.  The district court correctly calculated the guideline range for Hernandez's term of supervised release, the statute placed no maximum on the term, and the court considered the 18 U.S.C. § 3553(a) factors and

---

[2] While Hernandez did object to the sentence in making a request for mental health treatment, once the court assured Hernandez that the supervised release would be accompanied by mental health treatment, Hernandez stated that he had no other substantive or procedural objections.

Hernandez's below guideline sentence of imprisonment when imposing the term of supervised release.  In light of Hernandez's past convictions, his violation of his supervised release by committing the instant offense, and the court's thoughtful consideration of his circumstances in sentencing him well below the bottom of the guideline range, his lifetime term of supervised release was reasonable.

## IV.  Career Offender

Finally, Hernandez argues that his three prior federal convictions for conspiracy to possess with intent to distribute cocaine, for which he was sentenced on the same day, and his California conviction for attempted murder do not meet the criteria for predicate offenses under the career-offender guideline.

Because Hernandez conceded that he was a career offender both in his objections to the PSI and at sentencing, we review Hernandez's career-offender classification for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this court directly resolving it.  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

To qualify as a career offender, a defendant in a felony drug case must be at least 18 when he committed the instant offense and have two prior felony convictions for crimes of violence, controlled substance offenses, or one of each.

7

U.S.S.G. § 4B1.1(a).  Section 4B1.2(c) defines "two prior felony convictions" as at least two felony convictions for a crime of violence and a controlled substance offense in addition to the instant offense where the sentences for at least two of the aforementioned felony convictions are counted separately.  *Id.* § 4B1.2(c).  If there is no intervening arrest between sentences, "prior sentences are counted separately unless (A) the sentence resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."  *Id.* § 4A1.2(a)(2).

> The 2015 Guidelines define "controlled substance offense" as:
>
> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  For the purposes of this provision, a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.  *Id.* cmt. n.1.  A "prior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."  *Id.*

Section 4B1.2(a) defines "crime of violence" as any offense under federal or state law that is punishable by imprisonment for more than one year and:

8

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder . . . .

*Id.* § 4B1.2(a).  The application notes for "a crime of violence" state that that an attempt to commit a crime of violence constitutes a crime of violence.  *Id.* § 4B1.2, cmt. n.1.  The definition of "crime of violence" provided by the Guidelines commentary is authoritative.  *United States v. Hall*, 714 F.3d 1270, 1274 (11th Cir. 2013).

To be convicted of murder in California, the state must prove an "unlawful killing of a human being, or a fetus, with malice aforethought."  Cal. Penal Code § 187.  In California, attempted murder requires that "a direct but ineffectual act was committed by one person toward killing another human being and the person committing the act harbored express malice aforethought, namely, a specific intent to unlawfully kill another human being."  Cal. Penal Code § 664(e).  The United States Code similarly defines murder as "the unlawful killing of a human being with malice aforethought."  18 U.S.C. § 1111.  The elements of an attempted crime require proof that the defendant (1) acted with the state of mind required for the commission of the crime and (2) made an overt act towards commission of that crime.  *See United States v. Plummer*, 221 F.3d 1298, 1303 (11th Cir. 2000).

There was no plain error here.  Hernandez's three felony controlled substance convictions should all have been counted as one offense for the career-

9

offender enhancement, because he was sentenced for each on the same day.  *See* U.S.S.G. § 4A1.2(a)(2).  Nevertheless, the district court did not plainly err in determining that Hernandez was a career offender under U.S.S.G. § 4B1.1(a) based on one prior felony controlled substance offense—conspiracy to possess with intent to distribute cocaine—and one prior crime of violence conviction—California attempted murder.  To the extent any ambiguity exists as to whether California attempted murder is overbroad, there is no precedent from this court or the Supreme Court that specifically resolves the issue, and, thus, there can be no plain error.  *See Lejarde-Rada*, 319 F.3d at 1291.

## V.  Conclusion

The district court did not commit plain error when advising Hernandez of his term of supervised release at the plea colloquy; in concluding that the plea agreement had a sufficient factual basis; in imposing a lifetime term of supervised release; and in determining that Hernandez qualified as a career offender under U.S.S.G. § 4B1.1(a).  Accordingly, we affirm Hernandez's sentence.

**AFFIRMED.**