[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11809
Non-Argument Calendar
_____

D.C. Docket No. 0:06-cr-60171-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIFA KNOWLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2020)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Christifa Knowles appeals the district court's denial of his pro se motion to reduce his 188-month sentence for possession with intent to distribute cocaine base, and his counseled motion for reconsideration. We affirm.

I.

A federal grand jury returned a three-count indictment charging Knowles with possessing with intent to distribute five grams or more of crack cocaine on three occasions in 2006, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At that time, the statutory penalty for possessing with intent to distribute between 5 and 50 grams of crack cocaine was 5 to 40 years' imprisonment, followed by a minimum of four years' supervised release. 21 U.S.C. § 841(b)(1)(B) (2006).

Knowles entered a guilty plea to Count 3 of the indictment and the government moved to dismiss the other two counts. At the change-of-plea hearing, the government summarized its case against Knowles, stating that Knowles had sold crack cocaine as follows: 20.1 grams on May 25, 2006 to a confidential informant (the basis for Count 1); 28.8 grams on May 26, 2006 to an undercover government agent (the basis for Count 2); and 37.9 grams on June 2, 2006 to a confidential informant (the basis for Count 3). Knowles had no objections to the government's stated factual basis for the charges against him.

The Presentence Investigation Report (PSR) described Knowles's offense conduct in similar terms, specifically stating that the transaction on June 2, 2006

2

involved 37.9 grams of crack cocaine, and that Knowles's offense conduct involved possession with intent to distribute a total of 86.8 grams of crack cocaine. Knowles did not object to the PSR's description of his offense conduct.

Based in part on Knowles's prior criminal history and status as a career offender, *see* U.S.S.G. § 4B1.1(a), Knowles's Sentencing Guidelines range was 188 to 235 months' imprisonment followed by four to five years' supervised release. In October 2006, the district court sentenced Knowles to 188 months' imprisonment followed by five years' supervised release. Pursuant to his plea agreement, Knowles did not appeal his sentence.

In section 2 of the Fair Sentencing Act of 2010, Congress amended 21 U.S.C. § 841(b)(1) to increase the amount of crack cocaine required to trigger the five-year mandatory minimum sentence from 5 grams to 28 grams, and the amount required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372. As amended, § 841(b)(1) provides that possession with intent to distribute 0 to 28 grams of crack cocaine is punishable by up to 20 years' imprisonment followed by at least three years' supervised release, and possession with intent to distribute between 28 and 280 grams of crack is punishable by 5 to 40 years' imprisonment followed by at least 4 years' supervised release. 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii). Congress did not make the Fair Sentencing Act

3

retroactive, so these statutory changes applied only to defendants sentenced after August 3, 2010, regardless of when they committed the relevant offense. *See Dorsey v. United States*, 567 U.S. 260, 273 (2012).

Nonetheless, in 2012, Knowles filed a motion to reduce his sentence under the Fair Sentencing Act. The district court denied the motion, finding that (1) because Knowles was a career offender, his Sentencing Guidelines offense level and sentencing range would remain the same even if he were sentenced under the Guidelines as amended to reflect the Fair Sentencing Act's changes; and (2) even if Knowles's Guidelines range had changed, the court would still find his 188-month sentence to be "reasonable and sufficient" based on the PSR and the sentencing factors in 18 U.S.C. § 3553(a).

The First Step Act of 2018 gives federal district courts the discretion to apply the drug-quantity amendments of the Fair Sentencing Act retroactively to defendants who were convicted of "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," that was committed before August 3, 2010, "as if" those amendments "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(a)–(b), 132 Stat. 5194, 5222.

Following passage of the First Step Act, Knowles filed a second pro se motion to reduce his sentence under the Fair Sentencing Act. The district court

again denied Knowles's motion, finding that Knowles's statutory punishment and Sentencing Guidelines ranges remained the same because his offense involved at least 37.1 grams of crack cocaine.  Knowles subsequently filed a counseled motion for reconsideration, arguing that his sentencing range should be based on the drug quantity charged in the indictment ("five (5) grams or more"), which would reduce his statutory sentencing range to 0 to 20 years and his Guidelines range to 151 to 188 months.

The government opposed Knowles's motion for reconsideration, arguing that (1) the Fair Sentencing Act amendments to § 841(b) did not change the statutory penalties or the Guidelines sentencing range for Knowles's offense because his actual conduct involved more than 28 grams of crack cocaine, and (2) even if the Fair Sentencing Act did impact Knowles's sentencing range, the court should exercise its discretion to deny his motion for sentence reduction, based on the court's previous analysis of the PSR and the sentencing factors in 18 U.S.C. § 3553.

The district court denied Knowles's motion for reconsideration, stating that "the Court agrees with the Government's response."  This appeal followed.

## II.

On appeal, Knowles contends that the district court erred when it found that he was ineligible for relief under the First Step Act.  He further argues that the

district court did not exercise its discretion to consider whether it would grant the motion if Knowles were eligible, contending that the court's statement that it agreed with the Government's response "added nothing new to its reasoning from its first order of denial which found Knowles *ineligible* for FSA 2018 relief."

We disagree. If the court had intended to deny Knowles's motion solely on the ground that he was ineligible for First Step Act relief, it could have done so by simply referring to its earlier order. Instead, the court referred to the government's response to the motion for reconsideration, in which the government argued in part that even if Knowles were eligible for relief, the court should exercise its discretion to deny the motion based on its previous ruling that Knowles's 188-month sentence was reasonable and sufficient.

The First Step Act plainly leaves the decision whether to grant relief to an eligible defendant within the discretion of the district court. Section 404 of the Act provides that a court "may" reduce the sentence of an eligible prisoner, but that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act of 2018, Pub. L. No. 115-391, § 404(a) & (c), 132 Stat. 5194, 5222. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (citation omitted). We discern no

6

abuse of discretion in the district court's decision not to reduce Knowles's sentence for the stated reasons regardless of whether Knowles was eligible for such relief. Accordingly, we affirm without reviewing the district court's decision on the question of Knowles's eligibility under the First Step Act. *See United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013) (We may affirm the district court "for any reason supported by the record." (citation omitted)).

    **AFFIRMED.**