[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14161
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80227-DMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAM HENRICY,
a.k.a. Tukan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2021)

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Sam Henricy, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. He argues that the district court abused its discretion by failing to provide an adequate explanation of how he did not demonstrate extraordinary and compelling reasons for relief sufficient for appellate review. He also argues that the district court abused its discretion by denying his motion before he had the opportunity to file a reply brief.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, __ (11th Cir. 2021). We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). A district court also abuses its discretion when it commits a clear error of judgment. *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005). When review is only for abuse of discretion, it means that the district court had a range of choice and that we will not reverse just because we might have come to a different conclusion had it been our call to make. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). We may affirm the district court

2

for any ground supported by the record. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013).

Rule 52(a) of the Federal Rules of Criminal Procedure instructs us to disregard errors that do not affect the "substantial rights" of the accused. Fed. R. Crim. P. 52(a); *United States v. Paslay*, 971 F.2d 667, 674 (11th Cir. 1992). "The Supreme Court has repeatedly emphasized that Rule 52(a) is to be broadly applied." *Paslay*, 971 F.2d at 674. A moving party may, within seven days after service of an opposing memorandum of law, serve a reply memorandum in support of the motion. S.D. Fla. Local Rule 7.1(c).

Section 3582(c)(1)(A)(i) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) is used in "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The court must also consider the § 3553(a) factors and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

3

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director. *See* U.S.S.G. § 1B1.13 (stating that a court may reduce a prisoner's sentence only upon a motion from the BOP Director). The commentary to § 1B1.13 states that the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1).

As relevant here, the commentary lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. *Id.* A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or

4

75 percent of his term, whichever is less. *Id.*, comment. (n.1(B)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

We recently concluded that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *Bryant*, 996 F.3d at __. District courts do not have the discretion under the catch-all provision to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at __.

Here, the district court did not err in denying Henricy's § 3852(c)(1)(A) motion. None of his arguments for relief fall within any of the reasons that § 1B1.13 identifies as extraordinary and compelling because he did not allege that he had a terminal illness, could not care for himself in prison, or was at least 65 years old. And he cannot rely on the catch-all provision because only the Bureau

5

of Prisons, not a district court, can rely on the provision to expand the reasons for a reduction.[1]  Further, Henricy cannot show that his reply brief would have changed the outcome of his motion, and any error in denying his motion before the seven-day limit did not affect his substantial rights.

**AFFIRMED.**[2]

---

[1]    The district court's order does not fall afoul of our recent case *United States v. Cook*, No. 20-13293, 2021 WL 2149339 (11th Cir. May 27, 2021), where we held that the district court's order must show that it considered the 18 U.S.C. § 3553(a) factors.  We have held that if the district court references the parties' motions that discuss the factors, that is sufficient to demonstrate that the court considered them.  *United States v. Eggersdorf*, 126 F.3d 1318, 1322-23 (11th Cir. 1997).  Here, Henricy's motion contained a page of discussion of the factors and the government's response referenced them three times.  The district court stated that it considered both when denying his motion.  This is sufficient under *Eggersdorf*.

[2]    Henricy's motion to strike is DENIED.