[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10094
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00025-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY EDWARD DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 20, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Tony Edward Denson appeals from his 262-month total sentence for

distributing 5 or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(B)(iii), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On appeal, Denson argues that: (1) his sentence was procedurally unreasonable because the district court failed to adjust his guideline range based on the government's alleged sentencing manipulation; and (2) his sentence was substantively unreasonable in light of 18 U.S.C. § 3553(a). After careful review, we affirm.

We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the

court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. There is a "range of reasonable sentences from which the district court may choose," and a sentence within the guideline range is ordinarily expected to be reasonable. Id.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th

---

need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

First, we are unpersuaded by Denson's claim that his sentence was procedurally unreasonable because the district court failed to adjust his guideline range based on the government's alleged sentencing manipulation. "Sentencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." United States v. Docampo, 573 F.3d 1091, 1097 (11th Cir. 2009) (quotation and brackets omitted), cert. denied, (U.S. Apr. 5, 2010) (No. 09-7833). "Sentencing factor manipulation focuses on the government's conduct." Id. (quotation and brackets omitted). The defendant bears the high burden of proving that the government's conduct was sufficiently reprehensible. Id. To prevail on a sentencing factor manipulation claim based on the government's sting operation, the

4

government must have engaged in "extraordinary misconduct." Id. (quotation omitted).

We have previously held that the use of a large amount of fictitious drugs by the government in a sting operation did not result in sentencing factor manipulation. United States v. Sanchez, 138 F.3d 1410, 1413-14 (11th Cir. 1998). We have also held that the government's purchase of crack cocaine, rather than powder cocaine, from a defendant was not sentencing manipulation, even though the decision resulted in a longer sentence for the defendant. United States v. Williams, 456 F.3d 1353, 1370-71 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85, 93 (2007). Further, we have rejected a defendant's claim of sentencing manipulation where a confidential informant provided the defendant with a firearm equipped with a silencer, the possession of which triggered a mandatory minimum sentence of 30 years' imprisonment. United States v. Ciszkowski, 492 F.3d 1264, 1269-71 (11th Cir. 2007).

Denson has not shown that the government's conduct rose to the level of extraordinary misconduct. The evidence shows that a confidential source ("CS") bought crack cocaine from Denson three times, each time buying an increased amount. Our previous holdings show that it will not recognize sentencing manipulation based on the government's decision to purchase a certain substance

5

from a defendant or its decisions that affect the amount of drugs that are involved in a defendant's offense. See Sanchez, 138 F.3d at 1413-14; Williams, 456 F.3d at 1370-71. In addition, we have held that the government's conduct did not rise to the level of extraordinary misconduct when it provided the contraband that resulted in the sentencing enhancement, and here, the government did not even provide Denson with the crack cocaine that resulted in his enhanced sentence. See Ciszkowski, 492 F.3d at 1271. We will not infer extraordinary governmental misconduct based on the government's decision to purchase crack cocaine from Denson on three occasions, even if this decision did result in Denson receiving a longer sentence. See Williams, 456 F.3d at 1371. Because the district court did not err in rejecting Denson's sentencing manipulation argument, correctly calculated Denson's guideline range and, as discussed below, properly considered the § 3553(a) sentencing factors, his sentence was procedurally reasonable.[2]

---

[2] The state court case Denson cites in support of his sentencing manipulation argument is irrelevant because federal law, not state law, controls Denson's sentencing under the Sentencing Guidelines. See United States v. Madera-Madera, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003) ("Federal law, not state law, controls the application of the Sentencing Guidelines"). As for Denson's argument that the government engaged in sentencing manipulation by holding him accountable for marijuana and powder cocaine that he was twice observed with, that also fails since the government did not hold Denson accountable for these drugs. Rather, it was the probation officer in the PSI and the court at sentencing that determined the amount of drugs attributable to Denson. Because a claim of sentencing factor manipulation focuses on the government's conduct, Denson has failed to show that the government engaged in extraordinary misconduct in this regard. See Docampo, 573 F.3d at 1097.

We also reject Denson's claim that his sentence was substantively unreasonable. As previously discussed, the district court did not err in failing to consider the government's allegedly improper conduct in buying drugs from Denson on several occasions. Furthermore, the district court's sentence of 262 months' imprisonment was on the low end of the applicable guideline imprisonment range of 262 to 327 months, and we would ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 788. In addition, his sentence of 262 months' imprisonment was well below the statutory maximum term of life imprisonment. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the sentence was reasonable in part because it was well below the statutory maximum), cert. denied, 129 S.Ct. 2848 (2009).

The district court, moreover, expressly said that it considered all of the factors contained within § 3553(a) and that it had given "a lot of thought" to Denson's argument for a below-guideline sentence. See Talley, 431 F.3d at 786. The district court also discussed, in depth, the application of several of the § 3553(a) factors, including Denson's familial circumstances, his past criminal conduct, and the circumstances of the offenses that led to Denson being classified as a career offender. See 18 U.S.C. § 3553(a) (1). The court further noted that the sentence avoided unwarranted sentencing disparities with the sentences of other defendants who were

classified as career criminals.  <u>See</u> 18 U.S.C. § 3553(a)(6).  The court acknowledged that it could sentence Denson below the applicable guideline range, but found that a within-guideline sentence was appropriate given the § 3553(a) factors.  <u>See</u> 18 U.S.C. § 3553(a)(3).  Given the due consideration to the § 3553(a) factors demonstrated by the district court and the discretion the court is afforded in evaluating and weighing those factors, the district court did not abuse its discretion in imposing a low-end guideline range sentence.

**AFFIRMED.**