[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10118
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cr-00025-RH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY EDWARD DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 8, 2021)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Tony Edward Denson, proceeding pro se, appeals the district court's denial of

his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as

amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194

("First Step Act").  On appeal, Denson argues that the district court abused its discretion by denying his motion based on the 18 U.S.C. § 3553(a) factors, especially in light of his alleged lower recidivism risk.  After careful review, we affirm.

We review motions for compassionate release under § 3582(a)(1)(A), as amended by the First Step Act, for abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).  Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position.  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  We liberally construe pro se filings. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009).

Under 18 U.S.C. § 3582(c), a district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  When Congress enacted the First Step Act in 2018, it amended § 3582(c)(1)(A), in part, to increase the use and transparency of compassionate release of federal prisoners.  See First Step Act § 603(b).  Section 3582(c)(1)(A)(i) now says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

2

the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

Before the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the Federal Bureau of Prisons ("BOP") Director. See First Step Act § 603(b).

Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. U.S.S.G. § 1B1.13; see also 18 U.S.C. § 3582(c)(1)(A); United States v. Bryant, 996 F.3d 1243, __ (11th Cir. 2021) (holding that "1B1.13 is still an applicable policy statement for a [§] 3582(c)(1)(A) motion, no matter" whether BOP or the prisoner files it; "[a]ccordingly, district courts may not reduce a sentence under [§] 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13"). Under the policy statement,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist.  See U.S.S.G. § 1B1.13; id., comment. (n.1).  In determining whether an individual is a danger to others, the court shall consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

Among other things, the commentary lists a defendant's medical condition as a possible "extraordinary and compelling reason" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1).  A medical condition may warrant a sentence reduction if the defendant (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover.  Id., comment. (n.1(A)).  A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction.  Id., comment. (n.3).

We've held that when a district court is considering a § 3582(c)(1)(A)(i) motion for compassionate release, it must consider the applicable factors stated in § 3553(a).  United States v. Cook, __ F.3d __, 2021 WL 2149339 (11th Cir. May 27, 2021).  But even where consideration of the § 3553(a) factors is mandatory, the

4

district court need not state on the record that it explicitly considered each § 3553(a) factor nor discuss each of them.  United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).  Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient.  United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009).  Further, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016).  Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Here, the district court began by accepting that COVID-19 and Denson's conditions could make Denson eligible for compassionate release.[2]  It then considered the policy statement in U.S.S.G. § 1B1.13 and the 18 U.S.C. § 3553(a) factors, as we've instructed it to do when ruling on compassionate release motions.

The district court did not abuse its discretion by finding that the § 3553(a) factors weighed against reducing Denson's 188-month sentence, which the court had already reduced by 74 months in 2019, under an earlier motion Denson had filed

---

[2] We need not address whether Denson satisfied the "extraordinary and compelling reason" requirement in this case, since "we may affirm for any reason supported by the record." United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation omitted).

pursuant to a different provision of the First Step Act. This time, the district court declined to reduce the sentence, first recognizing that Denson is a career offender with an extensive criminal history that has included both violent crimes and crimes involving firearms. It also observed that Denson had committed seven disciplinary violations while incarcerated: (1) possession of intoxicants in 2011; (2) use of drugs/alcohol in 2011; (3) destruction/disposal of items in a search in 2012; (4 and 5) two occasions of possession of drugs/alcohol in 2014; (6) phone abuse/disruption of monitoring in 2018; and (7) use of drugs/alcohol in 2019. As for Denson's argument that he does not pose a high risk of recidivism, the district court found, based on these seven violations, that it had "little confidence that Mr. Denson's risk of recidivism will be lower than was anticipated when the original sentence was imposed." It concluded, after considering the § 3553(a) factors, that a reduced sentenced was not warranted.

On this record, we cannot say that the district court abused its discretion by finding that the factors ultimately weighed against granting Denson's motion. Moreover, to the extent the district court did not explicitly mention each of the § 3553(a) factors, it was not required to do so under our case law. Accordingly, we affirm.[3]

---

[3] As for Denson's arguments that the district court erred by originally enhancing his sentence because he possessed a firearm and that his prior Florida conviction for possessing a short-barrel shotgun was an improper predicate offense for his career offender status, we previously affirmed

**AFFIRMED.**

---

his sentence, <u>United States v. Denson</u>, 387 F. App'x 926 (11th Cir. 2010), and rejected his career offender argument, <u>Denson v. United States</u>, 804 F.3d 1339 (11th Cir. 2015).  As a result, the law-of-the-case doctrine bars us from reconsidering his claims now.  <u>See</u> <u>United States v. Stein</u>, 964 F.3d 1313, 1322 (11th Cir.), <u>cert. denied</u>, 141 S. Ct. 954 (2020) (explaining that the doctrine prevents a defendant from relitigating issues that were explicitly or implicitly decided in a previous case).  To the extent that Denson relies in part on facts that he did not present to the district court -- like, for example, that he has grandchildren -- we do not consider them.  <u>See</u> <u>United States v. Trader</u>, 981 F.3d 961, 969 (11th Cir. 2020) (holding that we do not consider facts not contained in the record).  Nor is Denson's argument, raised for the first time in his reply brief, that the district court erred by enhancing his sentence based on the fact that he possessed a firearm properly before us.  <u>See</u> <u>United States v. Levy</u>, 379 F.3d 1241, 1242-44 (11th Cir. 2004) (stating that arguments not made in an appellant's initial brief are abandoned).