[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10211
Non-Argument Calendar
_____

D.C. Docket Nos.  4:11-cv-00055-RH-GRJ
4:09-cr-00025-RH-GRJ-1


TONY EDWARD DENSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 30, 2015)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

On 3 August 2015, the United States Supreme Court entered an order granting Appellant Tony Edward Denson's petition for a writ of certiorari and vacated this Court's prior decision, issued 17 June 2014, and remanded this case for further decision in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). On 11 August 2015, this Court requested supplemental briefs by the parties addressing the impact, if any, of Johnson on this appeal. Having now concluded that Johnson has no impact on the issues in this appeal, we hereby reinstate our prior decision as provided below, and add at the end why Johnson has no impact on this case raising ineffective assistance of counsel regarding the application of the career-offender guideline in U.S.S.G. §§ 4B1.1 and 4B1.2 to the guidelines range for Denson's sentence.

## REINSTATED DECISION

Tony Denson, a pro se federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court granted a certificate of appealability ("COA") on the issue of whether Denson's attorney rendered ineffective assistance at sentencing by failing to object to treating Denson's Florida conviction for possession of a short-barreled shotgun, in violation of Florida Statute § 790.221(1), as a "crime of violence" for career

2

offender guidelines calculations under U.S.S.G. §§ 4B1.1 and 4B1.2.[1]  After

review, we affirm the district court's denial of Denson's § 2255 motion.

## I.  INEFFECTIVE ASSISTANCE CLAIMS

To prevail on an ineffective assistance of counsel claim, Denson has the

burden to show that: (1) his counsel's performance was deficient; and (2) he

suffered prejudice as a result of the deficient performance.  Strickland v.

Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  "In a 28 U.S.C.

§ 2255 proceeding, we review a district court's legal conclusions de novo and

factual findings for clear error."  Devine v. United States, 520 F.3d 1286, 1287

(11th Cir. 2008).  Whether counsel rendered ineffective assistance is a mixed

question of law and fact that we review de novo.  Id.  Here, the district court

correctly denied Denson's ineffective assistance claim because he did not establish

either deficient performance or prejudice.  We explain why.

## II.  CAREER OFFENDER GUIDELINES

Denson's ineffective assistance claim hinges on his counsel's failure to

object to the district court's designating him a career offender under U.S.S.G.

§§ 4B1.1 and 4B1.2.  Under § 4B1.1, a defendant qualifies as a career offender if

he "has at least two prior felony convictions of either a crime of violence or a

---

[1]Denson also argues the underlying substantive issue that the sentencing court wrongly applied U.S.S.G. § 4B1.1's career offender enhancement.  Because this issue is outside the scope of the COA, we do not address it.  See Murray v. United States, 145 F.3d 1249, 1250 (11th 1998).

3

controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" means an offense punishable by one year in prison that either "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk for physical injury to another." Id. § 4B1.2(a).

The commentary to § 4B1.2 explicitly states that "unlawfully possessing a firearm described in 26 U.S.C. § 5845(a)," such as a "sawed-off shotgun" is a crime of violence. Id. § 4B1.2, cmt. n.1. Because this guidelines commentary is authoritative and binding, possession of such a firearm qualifies as a "crime of violence" without resort to the "categorical approach" traditionally used to determine whether an offense falls within the residual clause of U.S.S.G. § 4B1.2(a)(2). United States v. Hall, 714 F.3d 1270, 1274 (11th Cir. 2013) (concluding that possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d), qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2) based on the binding guidelines commentary).

At the time of Denson's predicate offense, Florida's definition of "short-barreled shotgun" was virtually identical to the federal definition of "sawed-off shotgun" in 26 U.S.C. § 5845(a), referenced in the guidelines commentary. Compare 26 U.S.C. § 5845(a)(1)-(2), with Fla. Stat. Ann. § 790.001(10) (1992). In

4

other words, a "short-barreled shotgun" under the Florida law was, for the purposes of § 4B1.2, a "firearm described in 26 U.S.C. § 5845(a)," and, according to the binding commentary, unlawful possession of such a firearm qualifies as a crime of violence.

## III. PERFORMANCE

As to deficient performance, Denson is unable to show that his "counsel's representation fell below an objective standard of reasonableness." See Strickland, 466 U.S at 687-88, 104 S. Ct. at 2064. This is so because an objection to classifying Denson's Florida short-barreled shotgun offense as a crime of violence would have run counter to the express and authoritative language of the guidelines commentary and thus would have been meritless. Failing to make a meritless objection does not constitute deficient performance. See Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ." (citation omitted)).

## IV. BEGAY V. UNITED STATES

In an effort to show his counsel's performance nevertheless was objectively unreasonable, Denson points to Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008), and to this Court's application of Begay in United States v. McGill, 618 F.3d 1273 (11th Cir. 2010). Begay was decided about a year before Denson was sentenced. In Begay, the Supreme Court concluded that a New Mexico

5

driving under the influence offense was not a "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). 553 U.S. at 141-42, 128 S. Ct. at 1584. The ACCA's residual clause defines the phrase "violent felony" using language virtually identical to U.S.S.G. § 4B1.2's residual clause defining a "crime of violence." Compare 18 U.S.C. § 924(e)(2)(B)(ii), with U.S.S.G. § 4B1.2(a)(2). Begay explained that an offense that "involves conduct that presents a serious risk of physical injury to another" is a "violent felony" under the ACCA's residual clause only if it is "roughly similar, in kind as well as in degree of risk posed" to the ACCA's enumerated crimes, burglary of a dwelling, arson, extortion, or unlawful use of explosives. Id. at 143, 128 S. Ct. at 1585.

McGill was decided almost a year after Denson's sentencing and involved whether the same Florida offense at issue here—possession of a short-barreled shotgun—was a "violent felony" under the ACCA's residual clause. See McGill, 618 F.3d at 1274. In McGill, this Court applied Begay and determined that, while possession of a short-barreled shotgun presented a serious risk of physical injury to another, the risk was "not 'similar in kind' to 'use of explosives,' its closest enumerated analog" in the ACCA. Id. at 1277. Thus, Florida's short-barreled shotgun offense is not a "violent felony" under the ACCA. Id. at 1279.

Denson maintains these cases show that his Florida short-barreled shotgun offense should not have been deemed a "crime of violence," and, had his counsel made a Begay-like objection, the sentencing court would not have designated Denson a career offender under the guidelines.

Denson's argument is foreclosed by our recent precedent in United States v. Hall. Like Denson, the defendant in Hall relied upon Begay and McGill to argue that "the analysis for the term 'crime of violence' is exactly the same because the two definitions are virtually identical" and, therefore, possession of a short-barreled shotgun cannot be a crime of violence under the career-offender guideline. Hall 714 F.3d at 1273. This Court rejected that argument based on United States v. Stinson, in which the Supreme Court "made clear that 'commentary in the Sentencing Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" Id. at 1272 (quoting Stinson, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993)) (brackets omitted). In Hall, this Court concluded that because "Stinson controls," and the guidelines commentary designating the possession of a short-barreled shotgun as a crime of violence is authoritative and binding, the usual "categorical approach" used in Begay and McGill to determine if an offense falls within the residual clause does not apply. Id. at 1274. We further determined that the commentary

7

did not fall within "Stinson's stringent exception requirements, as the commentary provision violates neither the Constitution nor any other federal statute, and it is not inconsistent with, or a plainly erroneous reading of, the guideline text itself." Id.

Although Denson attempts to distinguish Hall on its facts, Hall's legal conclusion—as to the binding effect of U.S.S.G. § 4B1.2's commentary—controls the outcome of Denson's ineffective assistance claim. We also reject Denson's argument that Hall was undermined to the point of abrogation by Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013). Contrary to Denson's contention, Hall did not employ the modified categorical approach addressed in Descamps, and this panel remains bound by Hall. In any event, to the extent Denson contends that Hall is wrongly decided, reasonably effective representation does not include a requirement that trial counsel make arguments or objections based on predictions as to how the law may develop. See Marquard v. Sec'y for Dep't of Corrs., 429 F.3d 1278, 1313 (11th Cir. 2005) (explaining that counsel's performance was not ineffective for failing to contemplate a future Supreme Court decision).

## V.  PREJUDICE

Denson also failed to show prejudice under Strickland. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for

8

counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Because Florida's offense of possession of a short-barreled shotgun is a "crime of violence" under U.S.S.G. § 4B1.2's binding commentary, Denson has not shown that any objection by defense counsel to Denson's career offender status would have been likely to change the outcome of his sentencing.

## VI.  JOHNSON v. UNITED STATES, 576 U.S. ___, 135 S. Ct. 2551 (2015)

In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. Johnson, 576 U.S. ___, ___, 135 S. Ct. 2551, 2257, 2253. We have held that "the decision of the Supreme Court in Johnson is limited to criminal statutes that define elements of a crime or fix punishments" and does not apply to the advisory sentencing guidelines that "do neither." United States v. Matchett, ___ F.3d ___, No. 14-10396, 2015 WL 5515439, at *6 (11th Cir. Sept. 21, 2015). The vagueness doctrine in Johnson "does not apply to [the] advisory sentencing guidelines." Id. Further, "[b]ecause there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." Id. at *7 (quotations omitted). Accordingly, Denson's arguments based on Johnson fail on the merits.

In addition, as the government points out in its supplemental brief, prior to Johnson, no court had held the residual clause void for vagueness, and indeed the Supreme Court had twice held that the residual clause was not vague. James v. United States, 550 U.S. 192, 210 n.6, 127 S. Ct. 1586, 1598 n.6 (2007); Sykes v. United States, 564 U.S. ___, ___, 131 S. Ct. 2267, 2277 (2011). Trial counsel is not required to make argument or raise objections based on predictions as to how the law may develop. See Marquard, 429 F.3d at 1313. This is a second independent reason why Johnson has no impact on our previous decision that Denson had failed to show deficient performance resulting in prejudice.

For these reasons, the district court properly denied Denson's § 2255 claim of ineffective assistance of counsel.

**AFFIRMED.**