[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13128
Non-Argument Calendar

_____

D.C. Docket Nos. 1:17-cv-00948-TWT,
1:12-cr-00183-TWT-JSA-1

HERBERT CLIFTON HECTOR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 27, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit
Judges.

PER CURIAM:

Herbert Hector appeals *pro se* the denial of his motion to vacate his sentence, 28 U.S.C. § 2255, for conspiring to commit armed bank robbery. 18 U.S.C. §§ 371, 2113(a), (d), and 2. The district court granted Hector a certificate of appealability to review whether his trial counsel was ineffective for failing to object to a jury instruction and verdict form as constructively amending his indictment by describing his crime as a conspiracy to commit bank robbery instead of as an armed bank robbery. Because the jury instruction and verdict form were consistent with Hector's indictment and neither warranted an objection by counsel nor affected the outcome of Hector's trial, we affirm.

## I. BACKGROUND

In May 2013, a grand jury returned a three-count superseding indictment that charged Hector with conspiring with Anwand Jackson to rob, with committing an armed robbery of, and with using "a dangerous weapon, that is, a handgun" to rob "the Wells Fargo Bank located at 3072 Old Norcross Road, Duluth, Georgia." 18 U.S.C. §§ 2113(a), 2113(d), 924(c)(1)(A)(ii), 371, 2. Count one charged that Hector and Jackson agreed to "take United States currency from . . . employees of the Wells Fargo bank," to do so "by force, violence, or intimidation," and to "assault and put in jeopardy the lives of said bank employees by the use of a dangerous weapon, that is, a handgun." *Id.* § 371. And it alleged as overt acts that Hector and Jackson "discussed and planned the armed robbery," "brandished a

2

handgun," and "used and carried a firearm during and in relation to the armed bank robbery." Counts two and three charged respectively that Hector, "aided and abetted by" Jackson, robbed a bank using a handgun, *id.* §§ 2113(a), 2113(d), 2, and "did knowingly use and carry a firearm during and in relation to" the bank robbery, *id.* §§ 924(c)(1)(A)(ii), 2.

At trial, the government introduced surveillance video recordings and testimony from Matthew Carr, the bank manager, and from a bank teller, Tabassun Haque, that proved Hector and Jackson executed "an obviously well-planned and coordinated robbery" in "approximately 40 seconds." *United States v. Hector*, 611 F. App'x 632, 635 (11th Cir. 2015). Carr testified that Hector and Jackson arrived and departed from the bank together in a Honda Accord. The surveillance recordings showed "Hector holding the bank's door open for Jackson, who entered the bank with his handgun drawn." *Id.* The surveillance recordings also corroborated Carr's and Haque's testimony that Hector and Jackson wore masks, dashed to adjacent teller stations after entering the bank, and ordered the tellers to empty their cash drawers; that Hector held the money bag; and that Jackson brandished a gun during the robbery. *Id.*

Hector rested without presenting any evidence in his defense. During closing, he argued that he committed a bank robbery instead of an armed bank robbery. Hector argued that Jackson wielded the gun and that the government

3

failed to prove that he knew, could have reasonably foreseen, or agreed that Jackson would be armed during the bank robbery.

The district court instructed the jury that Hector's indictment was the "accusation" or description of his criminal charges that the government bore the burden of proving beyond a reasonable doubt. It explained that "Count 1 charges that [Hector] knowingly and willfully conspired to commit bank robbery" and "Count 2 charges . . . a substantive offense, specifically armed bank robbery." The district court also explained that Hector was "not charged in Count 1 with committing a substantive offense" but was "charged with conspiring to commit that offense" and that he could not be convicted unless the government proved that he knowingly joined an agreement to commit an unlawful act and that a conspirator committed an overt act alleged in the indictment. The district court told the jury that it would receive "a copy of the indictment to refer to during [its] deliberations." The district court also told the jury that Hector was "on trial only for the specific crimes charged in the indictment" and that the jury had to "determine from the evidence in this case whether [Hector was] guilty or not guilty of those specific crimes." The district court provided the jury with a copy of Hector's superseding indictment and the verdict form, which identified the charges against Hector as "Count I Conspiracy to Commit Bank Robbery," "Count II

4

Armed Bank Robbery," and "Count III Use of a Firearm in Relation to Crime of Violence." Hector did not object to the jury instructions or to the verdict form.

The jury referred to the indictment during its deliberations. The jury sent the district court a note that asked, "as stated in Count 3 of the indictment, does the Defendant need to be in physical possession of the firearm to be considered carrying." After conferring with the parties, the district court answered the jury's question in the negative. *Hector*, 611 F. App'x at 636.

The jury found Hector guilty of all three counts of his indictment and made a special finding that "a firearm was brandished during the course of the robbery." Hector's final judgment stated that he "was found guilty by jury on Count(s) 1, 2, 3 of the Superseding Indictment" and described count 1 as "Conspiracy to commit armed bank robbery." *Id.* at 638–39. Hector appealed, but he did "not contest his conviction for conspiracy to commit armed bank robbery." *Id.* at 637. We affirmed his convictions and sentence. *Id.* at 637–45.

After the direct appeal, defense counsel recommended that Hector move to vacate his sentence. Counsel suggested arguing that she was ineffective for "not objecting to the Judgment & Commitment stating that Count One was 'Conspiracy to Commit Armed Robbery'" when "the verdict form . . . stated 'Conspiracy to Commit Bank Robbery.'" Counsel also suggested arguing that she was "ineffective for not appealing [his] conviction on Count One."

5

Hector moved to vacate his sentence. 28 U.S.C. § 2255. Hector argued that his counsel was ineffective by failing to argue at trial and on appeal that the district court constructively amended his indictment for conspiracy by omitting the word "armed" from its jury instruction and from the verdict form. The district court denied Hector's motion. The district court ruled that no constructive amendment of the indictment occurred that would have warranted an objection from trial counsel or that would have affected the outcome of Hector's trial. The district court also rejected Hector's argument that counsel was ineffective for failing to argue about a constructive amendment on appeal.

The district court granted Hector a certificate of appealability to review "whether trial counsel rendered ineffective assistance of counsel for failing to object to the verdict form and the omission of 'armed bank robbery' in the conspiracy instruction." The district court denied Hector a certificate to appeal the denial of his claim of ineffective assistance of appellate counsel. Hector stated in his written notice of appeal that he sought review of "[t]he District Courts denial of [his] claim of ineffective assistance of trial counsel."

## II. STANDARD OF REVIEW

A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo*. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010).

## III. DISCUSSION

Hector argues that counsel was ineffective for failing to argue at trial and on appeal that the district court constructively amended his indictment by describing his offense in a jury instruction and on the verdict form as a conspiracy to commit bank robbery instead of an armed bank robbery. We address Hector's argument about his trial counsel's alleged ineffectiveness because the district court granted a certificate of appealability on that issue. But our review is limited to the issues in the certificate of appealability, *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998), so we decline to review Hector's argument that counsel was ineffective on appeal and deny the request in his brief to expand the certificate of appealability.

To prevail on his claim of ineffective assistance, Hector had to prove that his counsel's performance was deficient and that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Because counsel enjoys a strong presumption that he provided adequate representation, *id.* at 689, Hector had to prove that no objectively competent lawyer would have made the same decision, *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). And Hector had to establish that "there is a reasonable probability that, but for counsel's

7

unprofessional errors, the result of [his trial] would have been different."
*Strickland*, 466 U.S. at 694.

Hector failed to prove that counsel acted deficiently. Counsel is not required to make objections that lack merit. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015). "A constructive amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Holt*, 777 F.3d 1234, 1261 (11th Cir. 2015) (internal quotation marks omitted). The jury instruction mirrored the crime charged in Hector's indictment. The district court instructed the jury that Hector was charged for conspiring to commit the "substantive offense" of "armed bank robbery," which required proof that he knew of and joined a plan to rob the bank using a firearm. And the omission of the word "armed" from the verdict form did not change the elements of the offense charged "literally or in effect." *See United States v. Behety*, 32 F.3d 503, 508–09 (11th Cir. 1994). The verdict form referenced "Count I" of Hector's indictment and signaled that the verdict had to be based on the same offense that was charged in the indictment. Neither the jury instruction nor the verdict form constructively amended Hector's indictment.

Even if we were to assume that Hector's counsel was deficient for failing to object to the jury instruction and verdict form, Hector cannot prove that any

8

deficient performance prejudiced the outcome of his trial. Hector's indictment charged that he conspired to commit an armed robbery by alleging several overt acts that involved the use of a gun, and the district court instructed the jury to refer to the indictment to determine the charge against him. The surveillance video recordings showed that Hector participated in the armed bank robbery even after his coconspirator displayed a gun and provided evidence from which the jury could have reasonably inferred that he had advance knowledge that a gun would be used during the robbery. *See Rosemond v. United States*, 572 U.S. 65, 78 n.9 (2014) ("[I]f a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge."). And the verdicts finding Hector guilty of aiding and abetting in the armed robbery and in the use of a firearm that was brandished during the robbery evidenced that the jury found that he shared the criminal intent of his coconspirator to commit an armed robbery. *See United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998) ("To sustain a conviction for aiding and abetting, the evidence must show that the defendant shared the criminal intent of the principal(s) and committed an overt act in furtherance of the criminal venture.").

## IV. CONCLUSION

We **AFFIRM** the denial of Hector's motion to vacate.