[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11012

Non-Argument Calendar

_____

STEPHEN MAYER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:18-cv-01960-SCB-AEP,
8:14-cr-00190-SCB-AEP-1

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Stephen Mayer appeals, *pro se*, the denial of his 28 U.S.C. § 2255 motion to vacate challenging his sentence imposed following his conviction, at trial, of several counts of wire fraud and conspiracy to commit wire fraud. Mayer contends the district court judge should have recused herself and that reassignment on remand is warranted.[1] We granted a Certificate of Appealability (COA) on whether the district court erred in determining that Mayer's trial counsel did not provide ineffective assistance because its analysis was based upon an erroneous application of *Franks v. Delaware*, 438 U.S. 154 (1978). After review,[2] we affirm.

## I. RECUSAL

_____

[1] As an initial matter, no Certificate of Appealability is necessary for Mayer to raise this issue on appeal, as the denial of his requests for the district judge to recuse herself were not "final order[s]" within the meaning of 28 U.S.C. § 2253(c). *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004); *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) ("The key inquiry into whether an order is 'final' for § 2253 purposes is whether it is an order 'that dispose[s] of the merits in a habeas corpus proceeding.'" (quoting *Harbison v. Bell*, 556 U.S. 180, 183 (2009))).

[2] In reviewing a district court's denial of a motion to vacate under § 2255, we review legal conclusions *de novo* and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).

Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455.  *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  Under the former, a judge must recuse herself when a party to a district court proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of any adverse party.  28 U.S.C. § 144.

Section 455 designates two primary reasons a judge must recuse herself.  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).  Under § 455(a), a judge should recuse herself "when there is an appearance of impropriety."  *Id.*  The standard of review for whether a judge should have recused herself under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (quotation marks omitted).  "Recusal decisions under § 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."  *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation marks omitted).  The Supreme Court has explained "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Indeed, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."  *Berger*, 375 F.3d at 1227 (quotation marks omitted).  "[A] judge, having been assigned to a case, should not recuse" based on "unsupported, irrational, or

highly tenuous speculation." *Moody*, 755 F.3d at 895 (quotation marks omitted).

Distinctively, § 455(b) lists the several circumstances for when a judge should recuse herself, including "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). Under § 455(b), "a judge should recuse . . . when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality," and finding that one of the circumstances exists requires recusal. *Patti*, 337 F.3d at 1321-22.

The district judge did not abuse her discretion in declining to recuse herself. *See Berger*, 375 F.3d at 1227 (stating a judge's decision not to recuse herself is generally reviewed for abuse of discretion). Mayer's brief on appeal seeks recusal based on judicial rulings here and in his prior cases, which can seldom establish partiality or bias. *See Liteky*, 510 U.S. at 555. Moreover, Mayer's allegations of impartiality have been raised in prior appeals and were rejected by this Court. *See United States v. Mayer*, 760 F. App'x 793, 795-97 (11th Cir. 2019); *Mayer*, No. 21-10493, 2022 WL 17986157 at *2 (11th Cir. 2022). Mayer has not established an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about" the district judge's partiality because he has identified no fact or portion of the record showing extrajudicial bias or partiality. *See Patti*, 337 F.3d at 1321; *Berger*, 375 F.3d at 1227; 28 U.S.C.

§ 455(a). He also did not establish the district judge had a personal bias or prejudice against him or knowledge of disputed evidentiary facts about his cases. 28 U.S.C. § 455(b). Rather, Mayer's proposed bases for recusal—generalized accusations of misconduct and ignorance about this Court's prior decisions—are the sort of "unsupported, irrational, or highly tenuous speculation" that we have found do not justify recusal. *See Moody*, 755 F.3d at 895. Accordingly, we affirm on this issue.[3]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To make such a showing, a prisoner must first show counsel's performance was deficient. Second, the prisoner must establish the deficient performance prejudiced the defense. *Id.* at 687.

As to deficiency, there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689. Counsel is not deficient for failing to raise a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015). Counsel's behavior also is not deficient so long as the particular approach taken could be considered sound strategy. *Chandler v.*

---

[3] Because we affirm on the merits as well, we deny as moot Mayer's request for reassignment on remand. *See Druid Hills Civic Ass'n v. Fed. Highway Admin.*, 833 F.2d 1545, 1551 (11th Cir. 1987).

*United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc).  As to prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

In *Franks*, the Supreme Court held that, when a criminal defendant makes a substantial showing "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that allegedly false statement was the basis for the finding of probable cause, the Fourth Amendment required a hearing be held to address the issue.  *Franks*, 438 U.S. at 155-56.  *Franks* also applies to information omitted from affidavits "made intentionally or with a reckless disregard for the accuracy of the affidavit."  *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980).[4]  *Franks* applies not just to search warrant affidavits, but also to arrest warrant affidavits.  *See United States v. Gamory*, 635 F.3d 480, 490 (11th Cir. 2011).

We employ a two-part test to decide whether a misstatement in an affidavit amounts to a violation of the Fourth Amendment.  *Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019).  "First, we ask whether there was an intentional or reckless misstatement or omission.  Then, we examine the materiality of the information by inquiring whether probable cause would be negated if the offending statement was removed or the omitted information

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

included." *Id.* If probable cause would not be negated, the warrant is still valid. *See Franks*, 438 U.S. at 171-72. If probable cause would be negated by the omission of the offending statements, however, the "warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156. But "[t]o mandate an evidentiary hearing" under *Franks*, a movant's "attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* at 171.

As the Government concedes, the district court erroneously stated *Franks* applies only to affidavits in support of search warrants. *See Gamory*, 635 F.3d at 490. Still, we can "affirm on any ground supported by the record," *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014), and Mayer cannot prevail because he has not established either that his counsel was deficient or that any deficiency prejudiced him, *see Strickland*, 466 U.S. at 687; *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (stating a movant under § 2255 bears the burden to prove his claims).

Specifically, Mayer's counsel's decision not to file a *Franks* motion was not unreasonable because such a motion would not have been successful and Mayer does not argue, let alone show, how the *Franks* motion that his counsel did not file—even if it were successful and even if the hearing were successful—would have benefited him. *See Denson*, 804 F.3d at 1342. The remedy for a *Franks* hearing is the exclusion of evidence gained based on the allegedly false affidavit and it is unclear what, if any, evidence was

obtained as a result of the allegedly false statements in the affidavit Mayer identifies. *See Franks*, 438 U.S. at 156. Mayer's assertions about what he would have obtained in a *Franks* hearing—specifically that the hearing would have shown his innocence, fraud on the court, a statute of limitations had run, or there was no probable cause to initiate the case—are conclusory, and do not satisfy his burden to show that a *Franks* hearing would have benefited him. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating conclusory statements, unsupported by specific facts or by the record, are insufficient to state a claim for ineffective assistance of counsel in a collateral proceeding). And to the extent he argues a *Franks* hearing would have shown GreenPoint was not FDIC-insured, this Court found the evidence at trial showed that Green-Point was FDIC-insured in his direct appeal. *See United States v. Mayer*, 679 F. App'x 895, 904 (11th Cir. 2017).

Moreover, even if some unspecified evidence had been excluded by the district court after a *Franks* hearing, this Court concluded on direct appeal the evidence against Mayer was "overwhelming" and "ample," further supporting that Mayer could not show how the proceeding would have been any different but for the failure to file the *Franks* motion. *See id.* at 900-01; *Strickland*, 466 U.S. at 694. And to the extent Mayer argues the *Franks* hearing would have shown fraud or could have been used to test the evidence against him, testing the evidence is generally not available pretrial. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (explaining a district court's pretrial examination of evidence is limited, as trial is the method for testing evidence, and "[i]t is

well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial" (quotation marks omitted)); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.").

Nor is it the goal of a *Franks* hearing for a defendant to raise an "attack" on an affidavit through "conclusory" allegations "supported by [only] a mere desire to cross-examine." *See Franks*, 438 U.S. at 171. Because the *Franks* motion would not have succeeded, it was not deficient performance not to file it and the failure did not cause Mayer prejudice. *See Denson*, 804 F.3d at 1342. For the same reasons, Mayer's counsel's decision not to file the motion can be considered a sound strategic decision, further cementing that it was not deficient performance. *See Chandler*, 218 F.3d at 1314.

Thus, we affirm the district court's denial of Mayer's § 2255 motion.[5]

**AFFIRMED.**

---

[5] To the extent Mayer raises arguments about how the *Franks* issue shows his attorney's ineffectiveness at trial, those issues are outside the scope of the COA, so we do not consider them. *See* 28 U.S.C. § 2253(c); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). Finally, because "it can be conclusively determined from the record that" Mayer "was not denied effective assistance of counsel," the district court did not err in denying Mayer's motion without an evidentiary hearing. *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir. 1982)).