**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12480

Non-Argument Calendar

_____

CHARLES KING, III,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket Nos. 2:24-cv-08005-ACA,
2:18-cr-00317-ACA-SGC-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles King, III, a pro se federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. The

district court granted a certificate of appealability ("COA") in part as to the issue of "whether trial counsel provided ineffective assistance by failing to argue that King's Fourth Amendment waiver was distinguishable from the waiver in *Samson v. California*[1] because King's waiver covered only warrantless searches and did not extend to suspicionless searches."

On appeal, King argues that his attorney at trial was ineffective by failing to argue in support of his motion to suppress that his parole condition waiving warrantless searches did not include suspicionless searches. He argues that he was prejudiced because, were the fruits of the suspicionless search excluded, he would not have been convicted under 18 U.S.C. § 922(g)(1).

A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). In order to prevail on an ineffective assistance claim, a defendant must demonstrate both that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address one of the foregoing two prongs if the defendant cannot meet the other. *United States v. Webb*, 655 F.3d 1238, 1258-59 (11th Cir. 2011). To prove that counsel's performance was constitutionally deficient, the appellant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*

---

[1] 547 U.S. 843 (2006).

25-12480                Opinion of the Court                3

*v. Washington*, 466 U.S. 668, 687 (1984).  Counsel is not deficient for failing to raise a meritless claim.  *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015).

In *Samson v. California*, the Supreme Court held that a suspicionless search of a parolee did not violate the Fourth Amendment because (1) individuals on state parole have a diminished reasonable expectation of privacy generally and (2) California's parole conditions explicitly permitted a suspicionless search. 547 U.S. 843, 851-52, 57 (2006).  In *Samson*, the Supreme Court reasoned that such a search did not violate the Fourth Amendment because the condition was clearly expressed to the parolee and his expectation of privacy was diminished.  *Id.* at 852.

Earlier, we had held that a probation condition requiring the probationer to submit to searches without a warrant was constitutional.  *Owens v. Kelley*, 681 F.2d 1362, 1366-69 (11th Cir. 1982).  The defendant in *Owens* argued that we should, at least, require that a warrantless search be based on reasonable suspicion.  *Id.* at 1368.  We explicitly "decline[d] to impose such a requirement," reasoning,

> [T]he primary purpose of . . . search[ing] [of a probationer's residence and person] is to deter the commission of crime and to provide supervisors with information on the progress of their rehabilitative efforts. It is clear that a requirement that searches only be conducted when officers have 'reasonable suspicion' or probable cause that a crime has been committed or that a condition of probation has been violated

could completely undermine the purpose of the search condition.

*Id.*

The record shows that King was not denied effective assistance of counsel. This Court had already held that a suspicionless search was not unconstitutional for those on probation. *See Owens*, 681 F.2d at 1368. *Samson* did not expressly alter that holding because it relied, in part, on the justification that individuals on parole have a diminished expectation of a right to privacy and did not explicitly state that reasonable suspicion is needed if it is not explicitly waived. In light of *Owens* and the Supreme Court's holding in *Samson*, it was not deficient for King's attorney to not raise the specific language of his parole conditions. Therefore, the district court did not err when it determined that his attorney was not ineffective and the decision of the district court is

**AFFIRMED.**