**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13222

Non-Argument Calendar

————————————

CARL BILLY KIZZIAH,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-08026-ACA

————————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Carl Billy Kizziah, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appeal ("COA") on two issues: (1) whether the

district court erred when it denied "Kizziah's claim that counsel was ineffective for failing to file a notice of appeal," and (2) whether the district court erred when it denied "Kizziah's claim that counsel was ineffective for failing to object to a term of supervised release that exceeded the statutory maximum."

For the reasons stated, we affirm.

### I.

Kizziah was charged in an indictment with the following three counts: (1) conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), (2) distribution of five grams or more of methamphetamine, in violation of §§ 841(a)(1) and (b)(1)(A), and (3) possession with intent to distribute fifty grams or more of methamphetamine, in violation §§ 841(a)(1) and (b)(1)(A). An attorney from the Federal Public Defender's Office was appointed as trial counsel for Kizziah.

### A. Kizziah's Plea Agreement and Sentencing

On February 2, 2019, Kizziah entered into a plea agreement and pled guilty to the three counts in exchange for the government recommending a sentence at the low end of the advisory United States Sentencing Guidelines. The plea agreement included an appeal waiver with exceptions for any sentence exceeding the statutory maximum or the advisory guidelines range and for ineffective assistance of counsel.

Kizziah appeared for a sentencing hearing, and the district court imposed a sentence of 150 months' imprisonment and 180 months' supervised release.

At the conclusion of the sentencing hearing, the district court asked whether either party had any objection "as to the findings of fact, the calculations, the sentence, or the manner in which the sentence was pronounced or imposed." Neither party objected. Kizziah did not appeal.

## B. Kizziah's Section 2255 Proceedings

Kizziah timely filed his 28 U.S.C. § 2255 *pro se* motion, alleging ineffective assistance of counsel. Relevant here, Kizziah attested under penalty of perjury that he asked his attorney to file a notice of appeal after sentencing but that his attorney failed to follow his instruction. Kizziah also alleged trial counsel was ineffective for failing to object to the term of supervised release because, according to Kizziah it exceeded the statutory maximum.

The Government filed a response, including an affidavit from Kizziah's defense counsel who averred that that he had "advised" Kizziah "of his right to appeal both before and after his sentencing hearing," and Kizziah "did not request that I file an appeal on his behalf," but that if Kizziah "[h]ad . . . made such a request, [trial counsel] would have done so."

The Government also conceded that an evidentiary hearing was necessary with respect to Kizziah's claim that trial counsel failed to file a notice of appeal despite being directly asked to do so.

The district court held a limited evidentiary hearing solely to resolve whether Kizziah's trial counsel failed to file a notice of appeal even though Kizziah directed him to do so. Kizziah was represented by counsel at the hearing, but that counsel made no effort to expand the scope of the hearing to include testimony about whether Kizziah's trial counsel had a duty to advise Kizziah about an appeal, whether trial counsel did properly advise Kizziah about an appeal, or whether trial counsel had consulted Kizziah about an appeal. Instead, the testimony of all three witnesses focused on Kizziah's claim that he asked trial counsel to file a notice of appeal.

Trial counsel testified that he could not recall Kizziah ever asking him to file a notice of appeal, and that if Kizziah had asked him to appeal, he would have filed the notice of appeal. Trial counsel described his office policy and practice in handling appeals, testifying that if a client requests an appeal, the federal public defender will file a notice of appeal whether or not there is potential merit to an appeal. He further testified he could not recall having a conversation with Carla Lindley, Kizziah's sister, either in person or on the phone. If Lindley had told him that Kizziah wanted to appeal, he would have then asked Kizziah if he wanted to appeal or if the deadline to file a notice of appeal was close, trial counsel would have filed a notice of appeal and then checked with Kizziah about whether he wanted to procced with the appeal.

Trail counsel also testified that about six months after sentencing, Kizziah sent him a letter asking for some documents,

including the judgment, and asking if there was a way to reduce the term of supervised release. Kizziah made no mention of a pending appeal in that letter. Trial counsel sent the requested documents and wrote that Kizziah could contact counsel about reducing the term of supervised release once he began serving it.

Lindley testified that immediately after the sentencing, Kizziah turned around in his seat, and she told him he needed to appeal. She first testified that Kizziah responded, "Yes. I talked to him." When questioned further, however, she testified it was more like Kizziah mouthed "yes," although she then said she could not recall his exact words.

Lindley testified that after the sentencing, she spoke with Kizziah's trial counsel about why Kizziah's sentence was longer than they had anticipated and whether it could be appealed. She said trial counsel told her that he had "already spoken with Kizziah about that." When asked if trial counsel "represented that he was filing an appeal at that time," Lindley responded "That day, no. He said that they had spoken about it." In response to the district court's questioning about this same conversation, Lindley testified "that she also told counsel that Kizziah wanted to appeal" and that trial counsel said "'yes, I know, we talked, you know, he's told me that.'"

Lindley also testified that about a week after Kizziah's sentencing, she called trial counsel's office to get information about a pending state case against Kizziah and when trial counsel returned her call, he told her "'he was in the process of the appeal.'" She also

discussed how, in June or July 2023, Kizziah asked her to find out some information on jail credits related to his state cases. Lindley said she called the Clerk's Office in Tuscaloosa, Alabama, and spoke with a woman who was responsible for working on the paperwork related to jail credits.[1] The woman checked and told Lindley that Kizziah had not appealed.

Kizziah testified that right before the sentencing hearing began, trial counsel told him that he could appeal if the district court imposed a sentence above the guidelines range, but not if the court stayed within the guidelines range. When the sentencing was over, Kizziah testified "he turned around and looked at Lindley, who told him he needed to appeal." He then turned to trial counsel to tell him that he wanted to appeal. When asked if trial counsel heard this request, Kizziah testified: "I mean, he was looking right at me when I said it . . . I can't say for 100 percent sure that he heard me, but he was looking right at me just like me and you are talking." Kizziah further testified that at some point after he began serving his sentence, he wrote to trial counsel to request some documents and to ask about his supervised release term. Kizziah first testified that trial counsel responded that he "'had already started this and we got it locked down,'" and that "they couldn't give me that [supervised release term]." But when the judge tried to clarify this response, Kizziah instead testified that "[o]n the front of the letter [trial counsel] wrote with a pen . . . as far as the 180 months of

---

[1] The district court took judicial notice of the fact that there is no federal Clerk's Office in Tuscaloosa.

supervision and then you'll have to get out and start serving it and we can put in for early release from that."

Following the evidentiary hearing, the district court entered a written order. In its order, the district court applied the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and noted that "[r]esolution" of Kizziah's ineffective assistance of counsel claim for failure to file a notice of appeal "depends on the factual dispute about whether Mr. Kizziah asked trial counsel to file a notice of appeal." Based on their respective demeanors and consistency in testimony, the district court found trial counsel's testimony "more credible" than the testimony of Kizziah and Lindley. The district court also found that Kizziah "did not clearly tell trial counsel that he wanted to appeal" and that Lindley "did not tell trial counsel that her brother wanted to appeal." As a result, the district court concluded that trial counsel did not perform deficiently by failing to file a notice of appeal.

The district court also denied Kizziah's claim that trial counsel was ineffective for failing to object to the 180-month term of supervised release on the basis that it exceeded that statutory maximum. Kizziah timely appealed.

## II.

In a 28 U.S.C. § 2255 proceeding, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Id*. Factual findings are

"clearly erroneous when although there is evidence to support it," the appellate court after reviewing the record as a whole "is left with the definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (citation modified). "[T]here is no clear error in cases in which the record supports the district court's findings." *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

## III.

We address the first issue raised in the COA—whether the district court erred when it denied "Kizziah's claim that counsel was ineffective for failing to file a notice of appeal."

In a § 2255 proceeding, we afford substantial deference to the district court's credibility determinations surrounding witness testimony. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015). In general, we will not disturb the district court's credibility finding "unless it is 'so inconsistent or improbable on its face that no reasonable factfinder could accept it.'" *Id.* at 1317 (quoting *United States v. Ramirez–Chilel*, 289 F.3d 744, 749 (11th Cir. 2002)). Determinations of an attorney's credibility "is within the province of the district court, which has the opportunity to observe and study the witness." *Carr v. Schofield*, 364 F.3d 1246, 1264-65 (11th Cir. 2004).

To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficient

performance prong requires a movant to show that counsel acted unreasonably in light of "prevailing professional norms." *Id.* at 688. "[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" *Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484).

An attorney's disregard of a specific instruction to file a notice of appeal is a professionally unreasonable action. *Flores-Ortega*, 528 U.S. at 477. However, where the defendant did not ask counsel to file an appeal, nor request that there be no appeal, the court must determine whether counsel consulted with the defendant about filing an appeal. *Id.* at 478. Adequate consultation requires: (1) informing a client about his appeal rights; (2) advising the client about the positives and negatives of appealing; and (3) "making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." *Thompson*, 504 F.3d at 1206. If counsel did not adequately consult with the defendant, the question becomes whether counsel had a duty to consult and, thus, whether his failure to do so constituted deficient performance. *Flores Ortega*, 528 U.S. at 478. Counsel has a duty to consult with the defendant "when: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing." *Thompson*, 504 F.3d at 1207.

Based on our review of the record, we conclude that the district court did not clearly err in its factual finding that neither Kizziah nor his sister clearly communicated to Kizziah's trial

counsel Kizziah's desire to appeal.  Indeed, the district court plausibly found Kizziah's trial counsel, who did not remember those conversations, more credible than Kizziah and his sister.[2]  As such, we affirm the district court's denial of Kizziah's 28 U.S.C. § 2255 motion on the grounds that his counsel was not ineffective for failing to file an appeal.

## IV.

We turn next to the second issue raised in the COA.  Kizziah argues that the district court erred when it found that trial counsel was not ineffective when he failed to object to a term of supervised release that exceeded the statutory maximum. We conclude that this argument lacks merit as counsel is not deficient for failing to

---

[2] To the degree that Kizziah now contends that trial counsel failed to consult Kizziah about his appellate rights, this Court granted a COA on Kizziah's argument that trial counsel failed to file an appeal not that he failed to advise him of his appellate rights.  "[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the [certificate of appealability.]"  *McClain v. Hall*, 552 F.3d 1245, 1254 (11th Cir. 2008) (alterations in original) (quoting *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998)).  When an argument is "raised for the first time on appeal," that argument is "not properly before [us]."  *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).  Because the certificate of appealability did not include the issue of whether the district court erred by failing to discuss whether Kizziah's trial counsel should have advised him of his appellate rights, we will not address that issue.

raise a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015).

Section 3583(b) provides the authorized terms of supervised release and states that, "[e]xcept as otherwise provided," the term of supervised release for Class A or B felonies is not more than five years.  18 U.S.C. § 3583(b)(1).  The statutory maximum penalty for a violation of § 841(a) involving 50 grams or more of methamphetamine is life imprisonment, making it a Class A felony.   21 U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 3559(a)(1).  Section 841(b)(1)(A) outlines the penalties for certain violations of § 841(a) and states that, "[n]otwithstanding section 3583 of Title 18," any sentence for a violation of § 841(a) involving the quantities specified under § 841(b)(1)(A) shall include *at least* five years of supervised release where the defendant does not have "such a prior conviction," and *at least* ten years of supervised release where the defendant has a prior conviction.  21 U.S.C. § 841(b)(1)(A).

The statutory maximum penalty for a violation of § 841(a) involving 5 grams or more of methamphetamine is 40 years, as long as neither death nor serious bodily injury results, making it a Class B felony.  21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. § 3559(a)(2). Section 841(b)(1)(B) outlines the penalties for other violations of § 841(a) and states that, "[n]otwithstanding section 3583 of Title 18," any sentence for a violation of § 841(a) involving the quantities specified under § 841(b)(1)(B) shall include *at least* four years of supervised release where the defendant does not have "such a prior

conviction," and *at least* eight years of supervised release where the defendant has a prior conviction. 21 U.S.C. § 841(b)(1)(B).

A statute that does not have a maximum term of imprisonment authorizes a term up to life. *See United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993) (holding that 18 U.S.C. § 924(e) authorizes life imprisonment even though it does not expressly state a maximum).

In *Sanchez*, we held that 21 U.S.C. § 841(b)(1)(C), not 18 U.S.C. § 3583(b)(2), controlled the length of the term of supervised release for a § 841(a) conviction. *United States v. Sanchez*, 269 F.3d 1250, 1287 (11th Cir. 2001) (en banc), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005). We reasoned that § 3583(b)(2) limited the maximum term of supervised release for a Class C felony to three years "[e]xcept as otherwise provided" and that § 841(b)(1)(C) "expressly otherwise provides" for a supervised release term of "at least three years." *Id.* (citation modified). We found that to interpret § 3583(b)(2) as creating a maximum term of supervised release of three years would render the words "at least" in § 841(b)(1)(C) superfluous. *Id.* We also found that the legislative history of both statutes indicated that Congress did not intend for a term of supervised release under § 841(b)(1)(C) to be limited to three years, as it would be if § 3583(b)(2) controlled. *Id.* We also relied on decisions from other circuits in concluding that § 3583(b)(2) did "not limit the term of supervised release authorized in § 841(b)(1)(C) and that a term of supervised release over the minimum set forth in § 841(b)(1)(C)

may be imposed notwithstanding the" limits in 18 U.S.C. § 3583(b). *Id.* at 1287-88.

Notably, Congress amended 21 U.S.C. § 841(b) after *Sanchez* to clarify that the supervised release terms that it prescribed applied "[n]otwithstanding section 3583 of Title 18." *Compare* 21 U.S.C. § 841(b)(1) (2000), *with* 21 U.S.C. § 841(b)(1) (2002).

Here, we conclude that the district court properly found that Kizziah's trial counsel was not deficient for failing to object to the length of Kizziah's supervised release on the count of it being above the statutory maximum, as that claim was meritless, and counsel is not deficient for failing to assert a meritless claim. *See Denson*, 804 F.3d at 1342.

## V.

For the reasons stated, we affirm the district court's denial of Kizziah's 28 U.S.C. § 2255 motion.

**AFFIRMED.**